## Bruner *against* Sheik.

One who furnishes lumber, at the instance of a contractor, for a building on the ground of a stranger, must provide for his security by the terms of his bargain : hence a house rebuilt by an insurance company, in discharge of their liability upon a policy, is not liable to a lien for materials furnished to the contractor.

ERROR to the Common Pleas of *Lancaster* county.

*Scire facias sur* mechanic's lien at the suit of Abraham Bruner against Joseph Sheik and David Royer owners, Israel Cooper contractor as the employee of the Lancaster City and County Insurance Company.

The facts of this case were that the warehouse of Sheik and Royer was burned, and rebuilt by Israel Cooper upon a contract with the Lancaster City and County Insurance Company, who had it done in discharge of their liability upon the policy of insurance. The plaintiff, who furnished lumber and materials therefor to the amount of $203, filed a lien, and issued this *scire facias* to enforce its payment.

LEWIS (President) instructed the jury that the plaintiff was not entitled to recover.

*Stevens,* for plaintiff in error, cited 2 *P. A. Browne's Rep.* 275, 284.

*Frazer,* contra, cited 2 *Miles* 259 ; 16 *Serg. & Rawle* 56 ; 8 *Watts* 514 ; 4 *Watts & Serg.* 257 : 5 *Watts & Serg.* 537 ; 1 *Ashm.* 377.

The opinion of the Court was delivered by

GIBSON, C. J. — Independent of the question which the late fire that has laid a third part of Pittsburgh in ashes, has made so important in its consequences for present decision — whether this building was a new erection, or the repair of an old one — there is a ground on which the judgment is clearly sustainable. By the Act of 28th April 1840, the lien of a mechanic or material man "shall not be construed to extend to any other or greater estate on the ground on which any building may be erected, than that of the person in possession at the time of commencing the said building, and at whose instance the same is erected ; nor shall any other or greater estate than that above described be sold by virtue of any execution authorized or directed in the said Act." At whose instance, and for whose benefit was this building erected ? Not at the instance, nor for the benefit of the persons in posses-

sion. The claim was filed for lumber furnished to a warehouse "erected by Joseph Cooper, contractor, architect or builder, as the employee of the Lancaster City and County Fire Insurance Company, for Joseph Sheik and David Royer, the owners or reputed owners of the said building." By the plaintiff's own showing, therefore, it is seen that the articles were furnished at the instance of the company's agent for its use in performance of its covenant to rebuild at its election instead of paying the loss. But it would be a deceptive performance of the contract of indemnity to rebuild to the prejudice of the owner's title. The framers of the statute meant to sanction no such consequence. In *Siner* v. *Moore*, it was determined at the last term in Philadelphia, that the possession of the person whose title is to be incumbered, must be an actual, and not a constructive one; but here the company, at whose instance the lumber was furnished, had neither possession nor colour of title. It had no more than an incidental right to enter in order to rebuild, without, in the least degree, displacing the possession of the insured. Nor were the articles furnished for their benefit, but for the benefit of the company which was bound by its election to rebuild. The transaction was an affair of the company, and not of the insured who had nothing to do with it. Cooper, the actual builder at whose instance the lumber was furnished, was the agent of the company, and not of the insured who were strangers to the matter, and not to be affected by it. So well were the parties aware of this, that only the company was required to appear and plead; and by not ruling the other defendants to appear and plead also, the plaintiff evinced a consciousness that they were not answerable. For want of it, a judgment in his favour would, at all events, have been erroneous; but even were the company deemed to have been the possessor and builder, nothing but an interest held by it in the ground could have been sold even on a regular judgment, and it had no interest whatever. The case therefore is plainly not within the purview of these lien laws; and when a party furnishes, at the instance of a contractor, materials or labour to a building on a stranger's ground, it concerns him to provide for his security by the terms of the bargain.

　　　　　　　　　　　　　　　　　Judgment affirmed.