## EASTERN DISTRICT, PHILADELPHIA.

# Van Billiard's Administrators *versus* Nace *et al.*

1. When no negative pleas are filed to a *scire facias* on a mechanic's claim, the claim itself may be read in evidence by the plaintiff.

2. Where the alleged owner, against whom a claim is filed, dies, and his death is suggested on the record, his personal representatives substituted, and a *scire facias* on the claim issues against them, the jury have nothing to do with the question, whether they are rightfully made parties or not.

3. The recovery of a plaintiff in a *sci. fa. sur* claim, does not depend upon the quantity of defendant's interest in the land.

4. A devise to A., his heirs and assigns forever, "with this proviso, that B.

[Van Billiard's Adm'rs *v.* Nace et al.]

shall have free possession thereof, and occupy the same during the course of his natural life," is a devise of a fee simple interest, subject to a life estate.

ERROR to the Court of Common Pleas of *Northampton county.*

*Scire facias* upon a mechanic's claim for materials. Pleas— 1. Payment with leave. 2. That plaintiffs did not furnish the materials on the credit of the building, but on the credit of David Van Billiard, the defendants' intestate. 3. That when the materials were sold to David Van Billiard, he was tenant at will under his father, Henry Van Billiard, who was tenant for life, and yet living, and that David was not entitled to any interest in the premises when the materials were furnished.

On the trial, plaintiffs offered in evidence the claim as filed, to the admission of which defendants objected, but the court overruled the objection and admitted the evidence, to which defendants excepted; whereupon the plaintiffs closed. The defendants then gave in evidence the will of George Junkin, devising the premises upon which the building to which the materials were furnished, was erected, to the children of Henry Van Billiard in fee, provided, "that the said Henry shall have free possession thereof, and occupy the same during the course of his natural life." They then showed the occupancy of the premises by Henry Van Billiard at the time the materials were furnished, and up to his death, in 1851. David, his son, died in 1850. He lived with his father. They then gave in evidence, their account as administrators, showing no balance due the estate, filed in 1851, and duly confirmed, and then closed.

The lien was filed August 24, 1849, against David Van Billiard. He died in 1850. His death was suggested on the record, and the defendants, his administrators, substituted, and against them this *scire facias* issued.

The court, M'CARTNEY, P., charged the jury, that no evidence had been given under the first and second pleas; that the construction of George Junkin's will did not sustain the third plea; and in answer to defendants' points, that if the jury believed the materials in question were furnished on the credit of David Van Billiard alone, and not on the credit of the building, the plaintiffs could not recover; that the plaintiffs could recover, although the jury should believe that the defendants were substituted as parties without their consent, and although no *scire facias* was sued out to make them parties; that the question, as to what was the interest of David Van Billiard in the premises, was a question of law for the court, and not for the jury; and that under the will of George Junkin, David was neither tenant at will nor remainderman. To this charge defendants excepted. The jury found a verdict for plaintiffs. Defendants then took this writ of error, and assigned for error the admission of plaintiffs' evidence and the charge of the court.

[Sill's Appeal.]

*Ihre,* for plaintiffs in error.

*Joel* and *M. H. Jones,* for defendants in error.

The opinion of the court was delivered by

Lowrie, J.—We do not understand any of the pleas of the defendant below, as traversing the principal allegation of the plaintiff's case ; that the lumber specified in the claim, as filed, was furnished for the construction of the house, against which the lien is sought to be enforced.   If they were so furnished, then, of course, it was on the faith of all the remedies which the law provides for such a case, unless something appears to show a contrary intent.   The first plea is payment, which admits the claim. We understand the second to mean that the materials were furnished on the individual credit of Van Billiard, and not on the credit of the building, which is also affirmative.   The other pleas relate only to the quantity of Van Billiard's title, and are wholly irrelevant as issues.   There being no negative pleas, the claim was properly read to the jury as the claim which the defendant had substantially confessed, and undertaken to avoid.

The other points in this cause are more easily disposed of.  The issue was between the plaintiff, and Van Billiard's administrators, and that was what the jury was trying, and they could have nothing to do with the question, whether the administrators were rightly made parties.   The plaintiff's recovery does not at all depend upon the quantity of Van Billiard's interest in the land. He claims a lien on his interest, whatever it is, and he can enforce it, when obtained, against nothing else.   But Van Billiard was not a mere tenant at will as to title, but the owner of a fee simple interest subject to a life estate.

Judgment affirmed.