## Pittsburg *versus* Walter.

69  365
176  483

69     365
36 SC  573

1. A law authorized the councils of Pittsburg to grade on the application of a majority of lot-holders on the street, to assess the cost and enter a lien against the lots abutting on it. *Held*, that an application by such majority, &c., was necessary to give the councils jurisdiction to order the grading.

2. To a scire facias on a lien for such grading, the defendant pleaded "*nunquam indebitatus:*" this put in issue whatever the plaintiff had to prove in order to support the assessment, including the fact of the application by a majority of lot-holders.

3. *It seems*, there is no general issue to such scire facias, and the defendant ought to traverse by special pleas, the material allegations of the plaintiff.

4. The principle *Omnia præsumuntur esse rite acta* heals only apparent irregularities or omissions where jurisdiction is clearly vested.

5. Where jurisdiction is established, the presumption is that all directory provisions have been followed.

October 12th, 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 143, to October and November Term 1870.

This was a scire facias upon a municipal claim at the suit of The City of Pittsburgh against Jacob H. Walter, issued to July Term 1869.

The defendant filed an affidavit of defence to the merits. He also pleaded "Nunquam indebitatus," and payment with leave to give the special matter in evidence, with leave to add, &c.

The claim was filed May 28th 1869, for $192.17, with attorney's fees and costs, being the assessment against the defendant's property for his proportion of grading Mahon street, in the city of Pittsburg, his property abutting on the portion of the street graded. The grading was done under an ordinance by virtue of an Act of Assembly of April 1st 1868 (Pamph. L. 567), authorizing the grading of streets within a certain part of Pittsburg; the act providing that such grading, &c., should not be done "unless upon the written application of a majority in interest of the owners whose property is situated or abuts thereon."

On the trial, June 8th 1870, before Kirkpatrick, J., the plaintiff gave in evidence the grading of the street, the assessment, &c., against defendant's lot, the ordinance under which the grading was done, &c.

There was no evidence that there had been an application for the grading by a majority of the owners of lots abutting on the street.

The defendant submitted several points, the first of which was:—

"The plaintiff is bound to prove that before the grading was done on Mahon street, for which the municipal claim now in suit

[Pittsburg v. Walter.]

was filed, a written application therefor was made by a majority of the lot-holders in value whose property abuts on the street where it has been graded; and as no such proof has been offered, he cannot recover."

The court reserved this point.

The jury found for the plaintiff $164.14, subject to the point reserved.

The court afterwards entered judgment for the defendant *non obstante veredicto*.

The plaintiff removed the record to the Supreme Court and assigned for error the entering of the judgment.

*J. F. Slagle*, for plaintiff in error.—The plaintiffs were not required to prove the regularity of the proceedings. With the exception of nunquam indebitatus, which is really no plea, all the pleadings are affirmative, and we might have rested upon the offer of the lien itself: Lybrandt *v.* Eberly, 12 Casey 347; Van Billiard's Adm'r *v.* Nace, 1 Grant 233. It is not necessary for the plaintiff to prove affirmatively, that the ordinance has passed after application by a majority of property-owners. The councils have full authority to direct the grading and paving of streets. Their jurisdiction is undoubted, and the Act of 1868 is merely a direction as to its exercise. An ordinance passed by councils must be presumed to have been passed in due form and upon proper authority: Fowler *v.* Jenkins, 4 Casey 178; McCauley *v.* Chicago, 22 Ill. 563; New Orleans *v.* Halpin, 7 La. Ann. 185; Webber *v.* Gottschalk, 15 Id. 376; Risley *v.* St. Louis, 34 Missouri 404; People *v.* Rochester, 21 Barb. 656.

*Stoner & Patterson*, for defendant in error, as to the plea, cited Stephen on Pleading 155. Municipal lien is not a record; Davis *v.* Church, 1 W. & S. 240.

The omission of the written application which the law required should precede the action of councils was not merely an irregularity, it was a defect of jurisdiction: Graves *v.* Otis, 2 Hill Rep. 466; Staples *v.* Fairchild, 3 New York Rep. 41; People *v.* The Commissioners of Seward, 27 Barb. 94; Porter *v.* Purdy, 29 New York 106; Dwight *v.* City Councils of Springfield, and cases cited, 4 Gray 107. The councils of Pittsburg are a special tribunal: Hodges *v.* City of Buffalo, 2 Denio 100. Their jurisdiction must therefore be proved; Fowler *v.* Jenkins, 4 Casey 176; Sharp *v.* Speir, 4 Hill 76; People *v.* Ontario, 16 Barbour 286; People *v.* Goodwin, 1 Seld. R. 568; People *v.* Soper, 3 Id. 428; Givens *v.* Miller, 12 P. F. Smith 133; Roberts *v.* Orr, 6 Id. 176; Kensington *v.* Keith, 2 Barr 218.

The opinion of the court was delivered, October 23d 1871, by

[Pittsburg *v.* Walter.]

SHARSWOOD, J.—It is not disputed that Mahon street, for grading which the municipal claim in this case was filed, is within the territory comprehended in the terms of the proviso to the 11th section of the Act of April 1st 1868, Pamph. L. 567, which declares that no street or highway shall be opened, graded or paved in any part of the territory consolidated with the city of Pittsburg, under the Act of April 6th 1867, "unless upon the written application of a majority in interest of the owners whose property is situated or abuts thereon." To the scire facias upon the claim filed the defendant pleaded *nunquam indebitatus.* To this the plaintiffs did not demur, but went to trial upon it. It must be considered now, as it imports by its terms, that it put in issue whatever facts it was incumbent upon the plaintiffs to prove in order to support the assessment made upon the property of the defendant. There may not in strictness be any general issue in a scire facias upon such a claim, and the defendant ought perhaps to traverse by special pleas all the facts essential to the case of the plaintiffs. But if that were done it would not shift the *onus probandi.* It is not like an affirmative plea of payment—which is in confession and avoidance—which to a scire facias upon a mechanic's claim was held in Lybrandt *v.* Eberly, 12 Casey 347, not to put in issue the formal validity of the lien. *Nunquam indebitatus* is a traverse—a negative plea—not indeed as comprehensive as *non assumpsit,* for payment or a release could not be given in evidence under it—but nevertheless it is a denial of the plaintiffs' cause of action, and therefore not within Van Billiard's Administrator *v.* Nace, 1 Grant 233. The main question then recurs, unembarrassed by the particular form of pleading adopted, whether it was incumbent on the plaintiffs to prove affirmatively that Mahon street had been graded upon the written application of a majority in interest of the owners of property situated or abutting thereon. This question must now be considered as put at rest by the decision of this court in The Commissioners of Kensington *v.* Keith, 2 Barr 218, in which a proviso to an Act of Assembly, conferring a similar power of assessment, declared that the curbing should "be not less in length than one nor exceeding three squares at once." It was held to be a limitation of the power of the municipality—that it did not affect merely the regularity of the proceeding, but the jurisdiction. "That the restriction," said Mr. Justice Rogers, "assumes the form of a proviso cannot alter the case, as the intention of the legislature, which furnishes the only safe rule, is too plain to admit of question or dispute. The proviso is a limitation of power, and amounts to a negation of all authority beyond its prescribed and clearly-defined limits. It cannot be that the proviso is directory merely, as that would be to set at nought all the guards provided by the legislature against the abuse of authority conferred by the act. It is

[Pittsburg v. Walter.]

in truth a question of power; and how a corporation, municipal or pecuniary, can acquire a right of action against a citizen, however humble, by a palpable usurpation, passes my comprehension." In the case now under consideration, the Act of Assembly declares that no street shall be opened, graded or paved unless upon a written application of a majority in interest of the owners of property abutting on the street. Without such application the city had no power or jurisdiction in the premises. It follows that the maxim *omnia præsumuntur rite esse acta* cannot be invoked. That principle heals only apparent irregularities or omissions where jurisdiction or power over the subject-matter is clearly vested in the tribunal or body. When jurisdiction is proved or admitted, then, indeed, the presumption is that all mere directory provisions of the law have been substantially followed: Fowler *v.* Jenkins, 4 Casey 176.

Judgment affirmed.