# Prutzman *versus* Bushong *et al.*

1. Under the Act of 21st May 1861 (Pamph. L. 550), relating to mechanics' liens in Berks county, a mechanic's lien binds the same estate in land as a judgment would if entered at the date of the lien.

2. If the person in possession at the commencement of the building, at whose instance the work was done, has any estate in the land, the lien binds that estate.

3. Though it be the rule that the possession of the person whose estate is to be encumbered must be actual and not constructive, yet the estate of one who has constructive possession only is not exempted from the lien unless some other person is in the actual possession.

4. In a scire facias on a mechanic's lien for repairs, the plaintiff's evidence showed that the defendants owned the legal estate, that the contract was made with them personally, although the plaintiff knew that they were officers of the B. C. Railroad Co. and that the defendants told him the work was being done to prepare a depot, &c., for the W. & R. Railroad Co. There was no evidence that a railroad company was in possession of the property when the work was begun. The court below ordered a nonsuit on this evidence : *Held*, that the case should have gone to a jury.

February 27th and 28th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Prutzman *v*. Bushong.]

Error to the Court of Common Pleas of *Berks county:* Of January Term 1877, No. 158.

Scire facias on a mechanic's lien filed by Prutzman for repairs and alterations done to a car-house and other buildings belonging to Bushong and Craig ; the latter were named in the lien as owners or reputed owners at the time the work was done. At the trial before Sassaman, A. L. J., the plaintiff testified that he contracted for the work with Bushong and Craig personally ; that although he knew at the time that they were officers of the Berks County Railroad Company, nothing was said about doing the work on account of that company, but, on the contrary, they told him that they were getting the buildings ready for the Wilmington and Reading Railroad Company ; that when the work was begun the " building was a mere shed, open all around, and no tracks were laid through it ;" that while he was at work, tracks were laid in the car-house, and that there were no locomotives there at that time. One Sands, a witness for the plaintiff, then testified that there were no tracks in the building when he was working there with Prutzman, nor any signs of a turn-table when they first commenced work on the roof ; that while they were at work the car-house was being fitted up for a round-house to store engines and cars in ; and that a switch had been made and tracks were being laid at the time.

The defendants moved for a nonsuit on the ground that " the property was used by, and in the possession of, a railroad corporation, and that at the time the work was done, the property was not in the possession of the defendants." The court ordered a nonsuit, which it afterwards refused to take off. The plaintiff then brought this writ of error, assigning for error the refusal to take off the nonsuit.

*A. G. Green* (with him *E. H. Shearer*), for the plaintiff in error.

*G. F. Baer*, for the defendants in error.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1877.

This was a scire facias on a mechanics' lien. The court ordered a nonsuit. The only question is whether the case should have been submitted to the jury.

The Act of 1836, which gave the mechanic or the materialman a lien, gave him execution of the building to which he had contributed his labor or materials, without regard to the quantum of the estate held by the contracting owner. It treated the estate bound by the lien as a fee. Hence it was held in Beckel *v*. James, 7 Watts 9, that a sale on a mechanic's lien filed against a contractor, who had an equitable interest only in the land, divested not only that equitable estate, but also the legal estate of the vendor. The Act of 1840 declared that the Act of 1836 should not be con-

[Prutzman *v.* Bushong.]

strued to extend to any other or greater estate in the ground on which any building might be erected than that of the person in possession at the time of commencing said building at whose instance the same was erected.   The Act of May 1861, Purd. Dig. 1028, pl. 20, extended the right of lien in Berks county to debts contracted for work done, or materials furnished, in the repair, alteration or addition to any house or other building.   The claim, then, if filed within the time limited by the statute, had the effect of a lien as of the date of the commencement of the building or of making the repairs, alterations or additions.   In other words, it binds the same estate in the land as a judgment would if entered at that time. If the person in possession at the commencement of the building or of the repairs, at whose instance the same was done, had any estate in the land, it bound that estate.   Hence it was held in Van Billiard's Adm'rs *v.* Nace *et al.*, 1 Grant 233, that the recovery in a scire facias on a mechanic's claim does not depend upon the quantity of the defendant's interest in the land.   The claim is a lien on that interest only, and when judgment is obtained, and execution issued, no more can be sold.   It is true it was said in Bremmer *v.* Sheik, 9 W. & S. 119, on the authority of Siner *v.* Moore, not reported, that the possession of the person whose title is to be encumbered must be an actual and not a constructive one.   I do not, however, understand that the estate of one who has constructive possession only is exempted from the lien, unless some other person is in the actual possession.

Referring to the evidence given in this case, it appears that the defendants were the unquestioned owners of the legal estate.   If they were in possession that estate would be bound.   We think the evidence most ample on that point to submit to the jury.   The plaintiff testifies that he made the contract with the defendants only; that while he understood they were officers of the Berks County Railroad, yet they told him they wanted this building to accommodate the Wilmington and Reading Railroad.   When the plaintiff commenced work "the building was a mere shed, open all around; no tracks were laid through the house then."   Clifton Sands also testified that he worked on this building for Prutzman, and that there were no tracks running through the building, and no signs of a turn-table when he began the work.   If the testimony be correct, no railroad company was using or occupying this building, and the work was done under a contract with the owners of the legal title. The fact of its being understood that the building was designed for the use of some railroad company, but for which one does not clearly appear, did not take the possession from the owners of the land and contractors for the work.   The evidence in support of the plaintiff's view of the case was sufficient to have been submitted to the jury, and the learned judge erred in not taking off the nonsuit.

Judgment reversed, and a *procedendo* awarded.