# Weaver *versus* Lutz.

102  593|
184  241|
102      593|
23 SC ·366|
102      593|
28 SC ·341

1. Where the vendee of land under a parol agreement of sale, being in sole possession, erects a house on the land, and a mechanic's lien is filed against him as contractor, and against the holder of the legal title as owner, on which claim a scire facias is issued, duly served on both defendants, and judgment regularly entered against both, a sheriff's sale of the land under an execution upon said judgment to a bona fide purchaser, will pass the title of the legal owner as well as of the equitable owner.

2. If, in such case, the legal owner was not in possession at the time the building was commenced, and did not authorize its erection, he should have applied to the court to strike off the lien as to him, or he should have made defence to the scire facias. Having permitted the judgment to be taken against him, the averment in the lien of his ownership of the building became res adjudicata, and the validity of said judgment cannot be attacked collaterally in a subsequent ejectment brought by him against the purchaser at the sheriff's sale.

3. The legal effect of such judgment is not affected by the Act of April 28th 1840, providing that a mechanics' lien shall not extend to any other or greater estate in the land than that of the person or persons in possession at the time of commencing the building and at whose instance it was erected, and that no other or greater estate than that above described shall be sold by virtue of any execution authorized or directed in the said Act.

4. One who without objection permits a judgment to be improperly obtained against him on a scire facias sur mechanics' claim, and permits said judgment to stand unchallenged, and a sheriff's sale of his interest in land to be made under an execution on said judgment, cannot afterwards set up, in an action of ejectment, the invalidity of said judgment, to the prejudice of a bona fide purchaser who bought at the sheriff's sale relying upon the verity of the record.

March 9th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of January Term 1883, No. 321.

Ejectment, by Samuel Lutz against Reuben Weaver and George W. Griesemer, for a house and lot. Plea, not guilty.

On the trial, before ALBRIGHT, P. J., the following facts appeared: In 1877, the plaintiff Lutz, being the owner of a half-acre lot, (which included the lot in controversy) agreed verbally to sell the same to Franklin Miller for $250. The boundaries were marked, and Miller went into possession and built a house thereon, but never paid the purchase money, and no deed was executed to him. A mechanics' lien for labor and materials furnished in the erection of said house was filed by one Daniel Kressley against Miller, as contractor, and Lutz as owner or reputed owner. A scire facias was issued on this claim against Miller and Lutz and duly served on them, on

6 OUTERBRIDGE.—38

which judgment was obtained against both. Under an execution thereon the premises were sold at sheriff's sale, as the property of Lutz and Miller, to the defendant Weaver, who put the defendant Griesemer in possession as his tenant. A sheriff's deed was duly executed to Weaver. Lutz thereupon brought this action of ejectment.

The defendant requested the court to charge in substance, that under the above stated facts, the sheriff's sale divested the title of both Miller and Lutz to said premises. Refused. (First assignment of error.)

The court charged, inter alia, as follows :

[" According to the title as it appears by writing the plaintiff here is entitled to this land.] He has title by deed to this land, and there is no evidence that he by deed or writing in any form, ever conveyed it to the defendants or anybody from whom they claim. But the court is of the opinion and so instructs the jury that there was such a performance on the part of Miller of this verbal contract as would render it inequitable that Lutz should recover the land absolutely. The court is of opinion that this is a proper case for a conditional verdict." . . .

Verdict in favor of the plaintiff, on condition that if defendants within 30 days pay to plaintiff the amount of purchase money stipulated for in the parol agreement for the sale of the lot in dispute to Franklin Miller, then the plaintiff to release to defendants all claim to the title to the premises in controversy and all claim to said purchase money. Judgment on the verdict.

The defendants took this writ of error, assigning for error, the refusal of their point, and the portion of the charge above quoted within brackets.

*Evan Holben*, for the plaintiff in error.—The lien having been duly filed against Lutz as owner, and Miller as contractor, and the scire facias duly served on them, and judgment having been obtained against both, the sheriff's sale under that judgment passed to the purchaser the title of both Lutz and Miller. Lutz had his day in court, and should have set up his defence, if any, to the scire facias. The Act of 1840 which provides that no greater estate shall be bound by a mechanics' lien than that of the person in possession at the time of commencing the building means that the interest such have in the land who erect or permit to be erected a building thereon, shall be bound by a mechanics' lien. In this case both Lutz and Miller had possession when the building was commenced : Woodward *v.* Leiby, 36 Pa. St. 437.

*Dewalt* (*Henninger* with him), for the defendant in error. —Miller was in sole and exclusive possession when the building was begun; hence under the Act of 1840, his title alone was sold under the lien. Van Billiard v. Nace, 1 Grant 233; Leiby v. Wilson, 4 Wright 67.

Chief Justice MERCUR delivered the opinion of the court, October 1st 1883.

If, while Miller was in possession and owning the equitable title, he alone caused the building to be erected without the co-operation of Lutz, who held the legal title, a mechanics' lien for such erection would not bind any other or greater estate than that held by Miller. The 24th section of the Act of 28th April 1840, Pur. Dig. 1027, pl. 18, would control the case.

On such facts the joining of Lutz with Miller in the claim filed, would be improper. Upon application of the former the claim as to him should have been stricken off, or after scire facias issued, the facts would have constituted a good defense for him in a proper issue. The case of Van Billiard's Administrators v. Nace, 1 Grant 233; nor Leiby v. Wilson, 4 Wright 67, will not prevent such defence.

If, however, such facts did exist in regard to Lutz, he wholly neglected to allege or prove them at the proper time. The claim was filed against both of them in due form; it charged Miller, as contractor, and Lutz as owner or reputed owner. The scire facias thereon was duly served; judgment was regularly obtained against them. Execution issued and the property was sold to one of the plaintiffs in error. He appears to have been a purchaser in good faith, relying on the correctness of the averments of record. The claim of record charged the estate of Lutz with liability for the erection of the building as owner thereof. That averment was confirmed by the judgment. Whether it was a fact admitted or previously in dispute, the judgment finding it to exist, was conclusive: Rockwell v. Langley, 7 Harris 502; Philadelphia v. Girard's Heirs, 9 Wright 9. This fact was not one incidentally cognizable in that action but was directly in issue. The judgment could not have been rendered against Lutz on any other grounds than the affirmance of the liability of his estate in the premises, or his ownership of the building. That judgment has not been set aside nor reversed. Legal effect must be given to the facts on which it must necessarily have been founded: Farrington v. Woodward, 1 Norris 259. In the absence of covin or collusion it cannot be attacked collaterally: Postens v. Postens, 3 W. & S. 127; Sheetz v. Hanbest, 31 P. F. Smith 100.

The title which passed at the sheriff's sale does not rest solely on the correctness of the claim originally filed as a

mechanics' lien. The subsequent judgment confirmed prior averments, and the claim became res adjudicata. If improperly entered against Lutz before, thenceforth the debt became a good and valid lien and supported a sale of the whole estate of the defendants in the judgment. Moreover, Lutz having permitted a judgment to be recovered against him in the form stated, having suffered it to stand unchallenged, and a sale to be made based thereon, should not now be allowed to aver a claim in opposition to the judgment, to the prejudice of a purchaser who relied on the record averring the truth. The first and third assignments of error are sustained. There is no merit in the second.

Judgment reversed, and a venire facias de novo awarded.