From W. E. Shaffer, Lock Haven, Pa.

## In re Road in College Township.

*John G. Love,* for petitioner; *N. B. Spangler,* for respondents.

FLEMING, P. J., July 22, 1930.—This matter is before the court upon the petition of sundry citizens of College Township, praying that a decree made July 23, 1929, approving *nunc pro tunc* a change of location of a road in said township and vacating certain existing parts of a former road declared to have become useless by reason of such change, be vacated.

The origin of the controversy is the attempt of the Supervisors of College Township to avail themselves of the provisions of sections 685 and 686 of the Township Code approved July 14, 1917, P. L. 840, 911, which provides as follows:

"Section 685. Whenever the commissioners or supervisors of any township of the first or second class deem it advisable to construct, change, or alter any

part of any public road under their supervision, within this Commonwealth, and can agree with the property owners affected by such change as to damages, they may, upon payment of damages agreed upon, change or alter such part of such public road, as contemplated in such agreement, without the formality of a view.

"Section 686. No such change or alteration of any part of any public road shall be made the costs and expenses of which, including damages, shall exceed three hundred dollars. A petition setting forth the facts, accompanied by a map or draft of such proposed change, shall be presented to the court of quarter sessions for approval before such actual change is made; whereupon the new location, approved by the court, shall be taken to be the public road and the old location shall be vacated."

The petition of the supervisors upon which the decree complained of was based gave no indication that the change of location would in any way inconvenience or prejudice any of the inhabitants of College Township. On the contrary, it averred "that it is advisable and to the interest of the inhabitants of said township" that such change be had. A contrary showing appeared, however, upon presentation of the petition now under consideration, and a hearing upon the rule granted on such petition confirms this. Further, our personal inspection of the proposed change of route and the part of the old road to be vacated clearly shows that a larger number of citizens would be seriously handicapped and inconvenienced were our decree to stand.

It is our opinion that sections 685 and 686 of the Township Code were not intended to abolish the established mode of opening new roads and vacating old ones by view and public hearing, but were intended to provide a way for supervisors to make minor changes in the course of a road, where landowners adjoining were in accord and damages were agreed upon, thus elminating the expense of a formal and unnecessary view. But when considerable lengths of new road are to be built, routes wholly changed in other than the established general directions, and roads vacated which will leave property owners with no, or at least greatly diminished, opportunity of ingress, egress and regress to their lands from the state highway, such sections do not apply and the provisions of the general road law must be followed. See section 640.

Further, the provisions of sections 685 and 686 are mandatory and not merely directory. Compliance with the terms of section 686 is made a condition precedent to the validity or legality of the opening of the road as changed and the vacation of the old location. When a statute confers a right, privilege or immunity, the regulations, forms or conditions which it prescribes for its acquisition are imperative, in the sense that nonobservance of any of them is fatal, upon the principle, applicable alike to contracts and statutes, that a party cannot claim the benefits conferred and at the same time repudiate the obligations imposed by such: Endlich, Interpretation of Statutes, § 434, page 613. Where the fair interpretation of a statute directing acts or proceedings in a certain way shows a legislative intent that compliance with such provision shall be essential to the validity of the proceedings, or where some antecedent and prerequisite condition must exist before exercise of a power conferred, the statute must be regarded as mandatory: Com. ex rel. Heisey v. Risser, 3 Pa. Superior Ct. 196; Norwegian Street, 81 Pa. 349. Statutory provisions, on compliance with which certain rights are given, must be construed as mandatory and not merely directory, as the question is one of power or jurisdiction: Pittsburg v. Walter, 69 Pa. 365; Erie v. Moody, 176 Pa. 478.

Therefore, even though the opening and vacating, in the instant case, was such as to confer power upon the supervisors, under sections 685 and 686, the acts of such officers were invalid, inasmuch as they did not present their peti-

tion and draft for approval before such actual change was made. We were clearly in error in making such a decree as we did, *nunc pro tunc*. The act is mandatory, and unless such petition and draft is presented before making the change, the act of the supervisors is invalid and cannot be cured by a decree *nunc pro tunc*.

We fail to find, from the testimony, that the cost of the road did not exceed $300. We are convinced that if $300 has already been expended the road cannot be completed within the statutory limit. We have been over it·and find it a mere path opened through the lands taken for the purpose. There is poor drainage and the stone stated to have been placed thereon is very sparsely scattered and wholly absent in a number of places. The grades at some places appear extremely difficult, if not insurmountable, with medium-weight loads.

All in all, we are of the opinion that the supervisors were w,ithout power to open the new roadway and to vacate the old location in the manner followed by them. Sections 685 and 686 do not confer power for such an extensive change. This is shown by the limitation to an expenditure of $300, which amount must be exceeded in the instant case, to make a proper roadway under the supervisors' plan. By their failure to comply with section 686, their act was ultra vires.

And now, July 22, 1930, the rule granted to show cause why the decree of July 23, 1929, opening the road described in the petition of the Supervisors of College Township and vacating the portion therein sought to be vacated, should not be vacated and set aside is made absolute, and our former decree of July 23, 1929, in this proceeding is vacated and set aside.

From S. D. Gettig, Bellefonte, Pa.