## The Sicilian Asphalt Paving Company, a Corporation, *v.* The City of Williamsport, Appellant.

*Municipalities—Contracts—Acceptance of work.*

In an action against a city to recover a balance alleged to be due on a
paving contract, it appeared that an ordinance authorized the highway
committee of the city councils to appoint inspectors of the work, and di-
rected the city engineer personally to supervise the work, but it expressly
provided that no waiver of performance or acceptance of any part of the
work by the inspectors or engineers " shall bind the city, unless the same
be ratified and accepted by the highway committee." Payment was to be
made on acceptance by the committee, and a guarantee for ten years be-
gan with the date of acceptance by the committee. By the specifications
the committee and engineer were empowered to direct the work, to dis-
charge incompetent workmen employed by the contractor, to reject mate-
rials, to determine the amount due, and to settle all disputes which might
arise as to the meaning of the specifications, and upon these subjects their
decision was to be final and conclusive. The evidence showed that the
highway committee had accepted the work, and that the city had paid a
portion of the claim. There was no evidence of fraud or collusion. *Held,*
that the city was bound by the action of the committee, and could not in-
troduce evidence that the work was improperly done.

*Evidence—Municipal contract—Ratification—Practice, C. P.*

In an action upon a municipal contract, where the contract has been
offered in evidence and admitted without objection, the defendant cannot
subsequently object to the validity of the execution of the contract, when
it is too late for the plaintiff to introduce evidence to meet the objection.

Argued March 17, 1898. Appeal, No. 79, Jan. T., 1898, by
defendant, from judgment of C. P. Lycoming Co., June T.,
1897, No. 151, on verdict for plaintiff. Before STERRETT, C. J.,
WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a municipal contract. Before METZGER, P. J.

This action was brought on a written contract for laying an asphalt pavement on West Fourth street in defendant city. The defendant contends that the plaintiff in constructing the concrete foundation of the pavement wilfully departed from all of the essential requirements of the contract, so that as a consequence the foundation is useless for the purpose for which by the contract it was intended.

At the trial the contract on which suit was brought was admitted without objection or exception.

A number of statements or bills certified to by the engineer, offered by the plaintiff, were objected to by the defendant on the ground that they were not provided for by the contract, and that they were mere declarations of the city's agent, made after the acts to which they relate were done. The evidence was admitted by the court.

The evidence showed that the highway committee had accepted the work under the contract, and that the city had paid a part of the claim. The defendant made various offers of evidence tending to show that the work had been improperly done. Objections to these offers were made, and the objections were sustained. [8–11]

The principal questions involved were: 1, whether the evidence introduced by the plaintiff was admissible as showing such acts on the part of the engineer and highway committee of the city, during the progress and after the completion of the work, so performed within the scope of, and in the manner warranted by, their authority, as to be evidence against the city; 2, whether the evidence properly admitted on the part of the plaintiff showed such acts of the engineer and highway committee as to preclude it from introducing any evidence whatever; and 3, whether the certificate of the city comptroller to the contract in suit was a compliance with the requirements of the Act of May 23, 1889, P. L. 303, article 9, section 5, so as to permit the contract to take effect as such.

The material facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

3. The contract in this case is void and the plaintiff cannot recover for the reason that the city controller did not certify on

the contract that the estimated amount of the expenditure under said contract had been charged against the item of appropriation on which the said contract was founded. *Answer:* If we did not intend to reserve that point we would say that we think it is too late to take that position now. This contract was certified, although it is contended that the certificate was irregular. If we were to grant that the certificate was irregular, we think when the contract was offered in evidence it should have been objected to. It was not objected to in this case and it went into the evidence. The irregularity was, therefore, as the court thinks, waived, and defendant cannot now at this late day raise that question. And, if the certificate was not proper then the whole contract was void. It should not have been received in evidence if defendant had objected to it, but as there was no objection the court received it without objection, by the acquiescence of the defendant; and it would be a very irregular way to try a lawsuit, to allow it afterwards to raise this question, when both parties have closed their case, and at the very last present a point of that kind, which was unthought of by anybody except the defendant up to this period. Now, it would be unfair, for the reason that if this contract had been objected to because of its irregularity at that time, it would have enabled the plaintiff to have brought an action in another way, in all probability, and recover either upon a quantum meruit, or recover by showing that the contract, although irregular, was affirmed and ratified by the city. If we would permit defendant to raise this question now, we would have to open this case and permit the plaintiff to introduce evidence to show that notwithstanding its irregularity, it has been ratified. But we will not dispose of that point at this time. We will reserve it and your verdict will be subject to that point. [16]

4. The verdict of the jury must be for the defendant. *Answer:* This we cannot affirm. We direct you to find a verdict in favor of the plaintiff for the balance due on the contract, and for the other work, provided you find it was a part of the contract, and it was its duty to perform it, at such a price as the evidence shows it ought to have for it. If you think that was strictly extra work the rule is different, and you would not give it a verdict for that. [17]

Verdict for plaintiff for $9,494.51. McClure, J., of the

17th judicial district, specially presiding, directed judgment on the verdict. Defendant appealed.

*Errors assigned* among others were (8–11) rulings on evidence, quoting the bill of exceptions; (16–17) above instructions, quoting them.

*T. M. B. Hicks*, with him *W. D. Crocker*, city solicitor, and *W. H. Spencer*, for appellant.—The engineer and highway committee were, in the matters in suit, but the agent, of the city, and they could not bind their principal beyond the scope of their authority, nor within it, except in strict conformity therewith; and not only the extent but the manner of the execution of the authority must have been such, and only such, as the authority conferred warranted: Malone v. Phila., 147 Pa. 416; East Union Twp. v. Ryan, 86 Pa. 459; Phila. City Pass. Ry. v. Henrice, 92 Pa. 431; Glaser v. Reno, 6 S. &. R. 206; Pa. R. R. v. Books, 57 Pa. 339; Fawcett v. Bigley, 59 Pa. 411; Pa. R. R. v. Plank Road Co., 71 Pa. 350; Bigley v. Williams, 80 Pa. 107.

If it was necessary for the plaintiff to introduce the testimony of witnesses to prove that it had done the work in accordance with the specifications, then it was clearly competent for the defendant to produce witnesses to prove that the work had not been so done; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Memphis, Clarksville, etc., R. R. v. Wilcox, 48 Pa. 161.

The officers or agents of a municipal corporation cannot waive the express terms of a written contract under which the work is to be done: Dillon on Municipal Corp. (3d ed. Little, Brown & Co., 1881) sec. 483; Drhew v. Altoona, 121 Pa. 401; Hartupee v. Pittsburg, 97 Pa. 107; Bonesteel v. N. Y. City, 22 N. Y. 167; Murphy v. City of Albina, 39 Am. & Eng. Corp. Cases, 321; Bond v. Newark, 19 N. J. Eq. 382; Bryant v. Stilwell, 24 Pa. 314; Moore v. Carter, 146 Pa. 492; Young v. White, 5 Watts, 460.

The contract was invalid: Erie v. Moody, 176 Pa. 478.

*John G. Reading*, of *Reading & Allen*, with him *John K. Hays*, for appellee.—When the parties agreed that "to prevent all dispute and litigation" the decision of the city engineer, as

to any of the matters referred to, should be final and conclusive, they impliedly assumed the risk of negligence and consequent mistakes: Bowman Bros. v. Stewart, 165 Pa. 394; Coon v. Water Co., 152 Pa. 644; Kennedy v. Poor, 151 Pa. 472; Gowan v. Pierson, 166 Pa. 258; Hartupee v. Pittsburg, 131 Pa. 535; Lucas Coal Co. v. D. & H. Canal Co., 148 Pa. 227; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Connor v. Simpson, 104 Pa. 440; Drhew v. Altoona, 121 Pa. 401; Hostetter v. Pittsburg, 107 Pa. 419; English v. School District, 165 Pa. 21; Fulton v. Peters, 137 Pa. 613; Smith v. City, 36 Leg. Int. 277; Malone v. City, 34 Leg. Int. 230.

We submit that the objection raised to the contract was an objection to the execution of the same. And we think that the objection was properly overruled by the court below, for two very good reasons: first, because the objection was too late; and second, because the certificate of the controller is good in law, being in substantial compliance with the act of assembly: Odenheimer v. Stokes, 5 W. & S. 175; McAdams v. Stilwell, 13 Pa. 90; Lewars v. Weaver, 121 Pa. 285; Martin v. Bray, 1 Mona. 155; Dean v. Warnock, 98 Pa. 565; Com. v. Sullivan, 13 Phila. 410; Gerker's Estate, 26 W. N. C. 344;

OPINION BY MR. JUSTICE FELL, May 25, 1898:

The principal question raised by the assignments of error is whether the city engineer and the members of the highway committee were agents of the city merely to inspect the work as it progressed, or were arbiters finally to determine whether the contract had been complied with. The agreement is obscurely worded, and contains no clear expression of the intention of the parties on the subject. The ordinance, advertisement, proposal and specifications are all made parts of the contract, and an intention which might have been expressed in a few words must be ascertained partly from expression and partly by inference from a long rambling agreement.

The ordinance authorizes the highway committee to appoint inspectors of the work, and it directs the city engineer personally to supervise the work, but it expressly provides that no waiver of performance or acceptance of any part of the work by the inspectors or engineer " shall bind the city, unless the same be ratified and accepted by the highway committee." Payment

for the work is to be made on acceptance by the committee, and the guarantee for ten years commences with the date of acceptance by the committee. By the specifications the committee and the engineer are empowered to direct the work, to discharge incompetent workmen employed by the contractor, to reject materials, to determine the amount due and to settle all disputes which may arise as to the meaning of the specifications, and upon these subjects their decision is to be final and conclusive. The provision that the inspection and approval of the work by the inspectors and the engineer shall not bind the city, and that it shall not be bound unless the highway committee ratifies the approval of these officers, gives rise to the implication that the acceptance by the committee is to bind the city. Other provisions of the contract imply that the acceptance by the committee was to be conclusive, and not merely a condition precedent in the nature of preliminary proof without which the contractor could not recover. Taking the contract as a whole we are not satisfied that the construction given by the court is erroneous. No collusion was alleged, and the fullest opportunity was given to show that there had been fraud or imposition practiced by the contractor.

It is true, that generally the cases in which estimates and decisions of engineers have been held to be conclusive rest on a positive stipulation in the contract, but a necessary implication may have all the force of a positive stipulation. In this case the final decision and the acceptance were not left to the defendant's engineer, but to a committee of councils which was charged with the duty of constructing the work, and which represented the city in that regard. If the construction of the contract by the court was correct the case is governed by Hartupee v. Pittsburg, 131 Pa. 535, and Bowman Bros. v. Stewart, 165 Pa. 394, and the line of cases of which they are a part.

No question as to the form of the certificate of the city controller was raised until the testimony on both sides had closed and the case was about to be submitted to the jury. No objection to the validity of the contract was suggested in the proceedings preliminary to the trial, and it was offered in evidence and admitted without objection. The objection was first made at a time when it was too late for the plaintiff to show ratification. In City of Erie v. Moody, 176 Pa. 478, it does not appear that

objection to the execution of the contract was first raised by a point submitted for charge, and that proceeding was by the city to collect an assignment against a property owner whose liability did not depend on contract or consent, but on the strict observance of legal requirements. In this case a defective certificate would not have been necessarily fatal to the plaintiff's case, and if the objection had been made at the proper time it might have been successfully met. The city solicitor did not join in the defense based on this ground, and any objection to the form of the certificate was properly considered as having been waived.

The judgment is affirmed.