# Enterprise Contracting Company v. Ontario Coal & Supply Company, Appellant.

*Contract—Construction contract—Suit on final estimate—Set-off—Damages for delay.*

Where a construction contract provides that all disputes and differences should be referred to the engineer whose decision should be final, and also provides that the owner might stop the work at any time upon ten days' notice to the contractor without liability for damage, and might also forfeit the contract for all violations of it by the contractor, the owner cannot in a suit against him by the contractor on the final estimate, set up a claim for damages for the contractor's delay, if it appears that he took no steps to avail himself of his rights under the contract for the contractor's default, and never submitted to the engineer any question of damages for the alleged delay.

Argued April 22, 1912. Appeal, No. 135, April T., 1912, by defendant, from order of C. P. No. 4, Allegheny Co., Third Term, 1911, No. 537, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Enterprise Contracting Company v. Ontario Coal & Supply Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on an engineer's final estimate.

Rule for judgment for want of a sufficient affidavit of defense.

CohEN, J., filed the following opinion.

The Ontario Coal & Supply Company, a corporation created under the laws of the state of Pennsylvania, defendant, brought this action of assumpsit against the Enterprise Contracting Company, a corporation, under the laws of the state of Pennsylvania, to recover $1,176.64 with interest, and alleging a contract in writing between the plaintiff, which is engaged in the business of pile driving, trestle and dock building in the city of Pittsburg, and the defendant, whereby plaintiff agreed to build and complete to the satisfaction of the defendant a coal dock complete to top of decking at the foot of Ontario street, Pittsburg, according to the various terms and specifications set forth in said contract.

The plaintiff alleges that it fully executed the same, built and completed it in the most substantial and workmanlike manner to the satisfaction of the said defendant, and in accordance with the conditions and specifications; that after such completion the same was duly accepted by defendant on January 16, 1911; that under the terms of said contract the engineers in charge of the work for the said defendant made out and delivered to plaintiff an estimate of the amount and value of the work done amounting to $2,272.19, upon which defendant paid $1,931.36, being eighty-five per cent as called for by the contract, said defendant having retained $314.83, or fifteen per cent of the amount of said estimate until final estimate under the terms of the contract. That on December 1, 1910, said engineers who were in charge of said work under the said contract made and delivered a second estimate showing the kind and amount and value of the work done up to that date according to the terms of the said contract, the amount thereof being $918.37, upon which defendant paid eighty-five per cent, or $780.71, retaining

fifteen per cent, or $137.76, according to the terms of said contract; and that on January 16, 1911, plaintiff having fully completed said contract and said defendant having accepted said work and under the terms of said contract the said engineers so in charge of said work for defendant made and delivered to plaintiff a third and final estimate showing the kind, amount and value of all the work under said contract, indicating the balance due to plaintiff including the fifteen per cent retained on amount due on first and second estimate of $1,032.15.    Plaintiff also claimed the sum of $144.13 for extra work done, which defendant in its answer to this suit denied.

A suit for the same sum and on the same contract had already been commenced at No. 589, Second Term, 1911, to which a demurrer was made and an opinion filed overruling the same for the reason that plaintiff had failed to give defendant the release for all claims and mechanics' liens provided for in the contract, and the other reasons presented by defendant to sustain the demurrer were all discussed.    The matter is now presented in the form of a rule for judgment for want of a sufficient affidavit of defense.

The defense filed (so far as the amount for which judgment is now asked) chiefly consists of the fact that defendant was damaged by reason of the contract not being completed at the time provided for in the contract.    Deducting the amount of the extra work from the sum sued for there is left a balance of $1,032.31, for which sum judgment is sought to be recovered.

This action is not on the contract but one to recover on the final estimate given by the defendant's engineer according to the terms of the contract, and such estimate being an adjudication of all matters under the contract is to be considered as final and binding upon all parties: Wiggins v. Fire Proofing Co., 227 Pa. 511.    The contract also provided certain remedies to which the defendant was entitled to resort, enabling the engineer to exercise his authority and to forfeit the contract "for all violations in

regard to the materials furnished or the manner of construction or of any other omission or neglect of the requirements of the specifications on the part of the party of the second part." The defendant having failed to take advantage of any of these rights and conditions that inured to it under its contract is now estopped: Drhew v. Altoona, 121 Pa. 401.

The final estimate upon which this suit is brought given by the engineers was an adjudication of all matters under the contract and was final and conclusive of all disputes and conditions, if any. It indicates the exact amount of the balance now due for which plaintiff has instituted his suit.

As stated the defense chiefly consists of the fact that defendant was damaged by reason of the contract not being completed at the time provided for. Deducting the amount of the extra work from the sum sued for there is left a balance of $1,032.31.

In response to defendant's suggestion as contained in its brief we would say that we are of opinion that it was for the defendant to submit his precise claim to the engineer for adjudication. There is no allegation in the affidavit of defense that such was done, nor is there an averment of fraud, accident or mistake. The contract contains no provisions providing for liquidated or penal damages but is silent on that question. It does provide, however, that the defendant in this case, the party of the first part to the contract, might stop the work at any time by giving ten days' notice in writing of its intention to abandon the said work, and that such stoppage of the contract should not entitle the plaintiff, in this case the party of the second part, to any claim for damages or for any prospective profits that might have accrued to it if the entire work had been carried out. The defendant did not avail itself of this provision of the contract, nor of the privilege contained in the said contract which enabled it for noncompliance to forfeit the contract. Having failed to enforce these provisions during the progress of the work or

to submit to the engineer a claim for the damages now demanded, the defendant is estopped from asserting such.

The most favorable construction to be placed on the defense filed is that defendant notified the engineer that he would do such, to wit, that he would claim damages, in fact the defendant so avers, but as further alleged in the affidavit of defense, "The dispute or difference growing out of defendant's claim for damages under said contract was not referred for decision, nor has such claim for damages been passed upon by the engineer." And further defendant in its brief states "There was a question in dispute which should have been, but was not submitted to the engineer for determination." The argument of the defendant's counsel is that the suit cannot be maintained until there has been such adjudication. The claim for damages as a whole or in detail never having been submitted to the engineer by defendant, how could he adjudicate the question or dispute? The contract provides that all "disputes or differences of any and every kind growing out of or in connection with this contract either as to the terms of the contract or the character, quantity or manner of performance of the work which may arise between the parties hereto shall be referred to the engineer for decision, and the decision of said engineer shall be final and conclusive, and each and every of said parties do hereby waive any right of action, suit or suits or other remedies at law or otherwise by virtue of said covenants, so that the decision of said engineer shall be in the nature of an award, and shall be final and conclusive on the rights of said parties."

The defense admits the amount and value of the balance of the work done as per final estimate sued upon. Whose duty was it to submit claim for damage, if not the defendants? Having failed so to do and there being no allegation of collusion or fraud, there was nothing for the engineer to adjudicate save the final estimate as to the value of said work according to the terms of the agreement. This he did, whereupon under the terms of the

638   ENTERPRISE CO. *v.* ONTARIO CO., Appellant.

Opinion of Court below—Opinion of the Court.   [50 Pa. Superior Ct.

contract such balance due to these plaintiffs as provided by the contract shall be paid within thirty days thereafter upon said contractor giving a release under seal to the defendant of all claims or demand whatsoever growing in any manner out of the agreement, and upon said contractor delivering to said plaintiff full release in proper form and duly executed from mechanics and material men of all liens and claims, or demands for work done on or about the work done or materials furnished for said work under the contract.

The plaintiff in its statement alleges that it duly tendered to the defendant a release under seal from all claims or demands whatsoever growing in any manner out of said agreement, and at the same time tendered and offered to deliver to defendant a full release in proper form and duly executed from mechanics and material men of all liens and claims or demands for work done on or about the work done or materials furnished for said work under this contract, and attaches to its statement a copy of said releases, and renewed its tender of same and its willingness to deliver the same upon payment of its claim. This allegation as to these releases and their tender is not denied by the defendant in its affidavit of defense.

For these reasons we are of opinion that the rule granted in this case should be allowed.

And now, to wit, December 19, 1911, judgment is hereby ordered for the sum of $1,032.51 with interest thereon from February 15, 1911, to be entered by the prothonotary on præcipe liquidating the same when filed by plaintiff's attorney.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. S. Thomson,* with him *H. S. Lydick,* for appellant.

*L. C. Barton,* for appellee.

OPINION BY MORRISON, J., July 18, 1912:

In this action of assumpsit the plaintiff sued for an

alleged balance due upon a written contract, of a copy which contract was attached to and filed with the declaration. The defendant having filed an affidavit of defense, a rule was taken for judgment for want of a sufficient affidavit, and, on argument, this rule was made absolute and a judgment entered in favor of the plaintiff on December 20, 1911, for the sum of $1,085.16. To this action of the court the defendant's counsel excepted and appealed to this court.

A careful examination of the record, opinion of the court and arguments of counsel leads a majority of this court to the conclusion that the court below did not err in directing judgment against the defendant for want of a sufficient affidavit of defense. We think the opinion of the learned court below and the authorities therein cited, to which may be added, McCauley v. Keller et al., 130 Pa. 53; Sicilian Asphalt Paving Co. v. Williamsport, 186 Pa. 256, and Hartupee v. Pittsburg et al., 131 Pa. 535, fully vindicate the judgment and it is not profitable for us to discuss the case at length.

The assignments of error are all dismissed and the judgment is affirmed.