## Reilly *versus* The City of Philadelphia.

1. An act provided that no contract should be made by a head of department for the city, unless for objects authorized by councils. Councils by resolution authorized a department to contract for paving, &c., with the condition that the contractor should be selected by a majority of the property owners of the front to be paved, the cost of paving, &c., to be collected from the owners on whose front the work should be done. On a scire facias on a lien entered for the paving, *Held*, that the claimant could not recover unless he first proved that he had been selected by a majority of the owners.

2. The contractor doing the work without such selection was a mere volunteer and could not recover from the city or from the owners.

3. The city allowed suit against the owner in her name; from this a contract with the department of highways was to be presumed.

4. The department had no authority to enter into a contract unless with one selected by a majority of the lot-holders, and the contractor is presumed to have had notice of the resolution.

5. Having submitted the selection to the lot-holders the city could not adopt the work of a paver not chosen by them, and oblige them to pay the cost.

6. City v. Wistar, 11 Casey 427, and City v. Burgin, 14 Wright 539, distinguished.

February 4th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* Of July Term 1868, No. 2.

This was a scire facias on a municipal lien issued, May 11th

[Reilly *v.* The City of Philadelphia.]

1866, by the City of Philadelphia to the use of James Reilly against John Reilly, owner.

The defendant pleaded to issue, and afterwards filed a special plea that the said James Reilly, the alleged contractor for the said paving, to whose use the suit above entitled is brought, was not selected according to law.

On the trial before Thayer, J., the plaintiff gave in evidence the lien filed in the District Court to September 1865, in the names above stated, against a lot of ground and brick building on the south-west side of Cumberland street, south-easterly from Richmond street, for paving the cartway of Cumberland street, for curb-stone, and for regulating and measuring, $225.59. The plaintiff then rested.

The claimants having closed, the defendant then put in evidence: Act of April 21st 1855, § 20, Pamph. L. 269: "No contract for the construction of any new building, school-house, bridge, culvert, new paving of streets, redemption of the tolls of any turnpike or plank road, to be paid for by the city, shall become binding thereon, without an ordinance therefor duly enacted. No contract shall be made by the head of any department, for work or materials for the city, unless for objects authorized by councils," &c.

Also a resolution of the city of Philadelphia, approved October 7th 1863, for the paving of Cumberland street, &c., authorizing and directing the department of highways to enter into a contract with a competent paver or pavers for the paving of Cumberland street, from Richmond street to the east side of Beach street. The condition of the contract shall be, that the contractor shall be selected by a majority of the owners of property representing at least one-half of the feet front to be paved; and shall collect the cost of paving from the owners of property in front of whose premises it is to be done, &c.; provided, that no expense shall be incurred by the city. The defendant here closed.

The court instructed the jury to find a verdict for the claimants, subject to the opinion of the court, if it was necessary to prove that James Reilly was selected by the owners; and the jury rendered a verdict accordingly.

The court afterwards set the verdict aside, and entered judgment for the defendant on the reserved point.

The plaintiff having taken a writ of error, assigned the entry of the judgment for error.

*D. W. Sellers*, for plaintiff in error, cited Acts of April 16th 1840, §§ 9, 10, Pamph. L. 412, authorizing the entry of claims for paving, and issuing scire facias; April 19th 1843, § 1, Pamph. L. 342, allowing the defendant on trial to prove only that the work was not done, &c., or that the price was too great, or that

it h'ad been paid for or released; March 16th 1846, § 4, Pamph.
L. 115, authorizing the claim to be read in evidence. A stranger
cannot object that an agent has exceeded his authority: Childs v.
Digby, 12 Harris 23; City v. Wistar, 11 Casey 427; Schenley v.
City, 12 Id. 29; Wister v. City, 3 Grant 311; City v. Burgin, 14
Wright 539; City v. Burns, Sup. Court, January 1864 (not re-
ported).

*J. McIntyre*, for defendant in error.

The opinion of the court was delivered, May 11th 1869, by

WILLIAMS, J.—This was a scire facias on a municipal claim
filed by the city of Philadelphia, for the use of James Reilly, to
recover the cost of paving Cumberland street in front of the
defendant's property. The paving was done under a resolution
requiring the contractor employed to do the work to be selected
by a majority of the lot-owners representing at least one-half of
the feet front to be paved. The fact that the contractor was not
selected by a majority of the lot-owners was directly put in issue
by the defendant's special plea; and there was no evidence that
he was selected by any of the lot-owners. The learned judge,
before whom the cause was tried, directed the jury to find a
verdict for the claimant, subject to the opinion of the court on the
question, whether the plaintiff could recover without proof that the
contractor by whom the work was done had been selected by the
lot-owners in the manner required by the ordinance; and on the
hearing of the case the court set aside the verdict, and entered
judgment for the defendant on the reserved question.

Ought the judgment to have been entered in favor of the
plaintiff on the verdict, or was it rightly entered on the reserved
question for the defendant?

It is clear, that under the provisions of the ordinance authoriz-
ing the paving of Cumberland street, the equitable plaintiff had
no authority to pave the street unless a majority of the lot-owners,
representing at least one-half of the feet front to be paved, selected
him, and the department of highways contracted with him to do
the work. His selection by a majority of the lot-owners and his
employment by the department of highways were essential requi-
sites in order to give him authority to do the work, and the right
to collect the cost thereof from the owners of property in front of
whose premises it was done. If he was not selected by the lot-
owners, and if he did not contract with the department of high-
ways to do the paving, he was a mere volunteer, and is not enti-
tled to recover from the city or the lot-holders the cost of the
paving. The city does not deny that he did the work under a
contract with the department of highways, but impliedly admits
it by allowing him to bring suit in the name of the corporation for

the recovery of its cost from the owners of the property fronting on the street. So far, then, as his authority to do the work depends upon a contract with the department of highways, its existence must be presumed: City of Philadelphia *v.* Burgin, 14 Wright 539. But under the provisions of the ordinance a contract with the department of highways would give him no authority to pave the street and to collect the cost thereof from the adjacent lot-owners, unless he was selected by them to do the work. The department had no authority to enter into a contract with him unless he was selected by a majority of the lot-owners; and he had constructive, if not actual, notice of this on the face of the resolution authorizing the paving of the street, and the making of a contract for the execution of the work. Having submitted the selection of the paver to the lot-holders, the city could not adopt the work of one not chosen by them, and impose on them the obligation of paying for its cost. The choice of the paver belonged exclusively to the lot-holders, and his selection by them was a condition precedent to the right to do the work, and make it a lien on the property fronting on the street. The contractor was therefore bound to show his selection by a majority of the lot-owners in order to entitle him to recover. It cannot be inferred from the implied adoption of his work by the city in allowing him to bring suit in the name of the corporation for the recovery of its cost.

This case is totally unlike the cases cited by the plaintiff in error. In the case of The City *v.* Wistar, 11 Casey 427, the city, by resolution, authorized the majority of the owners of property fronting on Fifteenth street to pave it, and a majority of the owners contracted with a paver to do the paving under the direction and to the satisfaction of the commissioner of highways. The contractor performed the work in accordance with the contract. The defendant refused to pay his portion of the cost, and a lien was filed against his property by the city. The defence set up was, that the paving was not done by the city, its agents, officers or authorities. And it was held that the contractor, having performed the work under the authority of the city, might file liens in the name of the corporation for his use against the lots fronting thereon for the expense of the paving, and that, having done the paving under the authority of the corporation, he was the agent of the city for that purpose, and therefore the plea that the work was not done by the city or any of its agents was not sustained.

In the case of The City *v.* Burgin, 14 Wright 539, the city, by resolution or ordinance, authorized the highway department to notify the owners of property on Orthodox and other streets to curb, grade and pave the footways in front of their respective properties; and in case of their neglect or refusal to comply with

[Reilly v. The City of Philadelphia.]

the notice, the commissioner of highways was authorized to employ such parties on such portions of the work as would engage to do the same, and collect the proper cost from the respective owners. It was shown that the defendant had the notice required by the resolution, and that the work was done by the contractor for whose use the suit was brought. The court below instructed the jury to render a verdict for the defendant, because the plaintiff had not shown that any contract was entered into between the chief commissioner of highways and the alleged contractor for doing the work, or that the chief commissioner had ever sanctioned the work. And this court held that, under the pleas of non assumpsit and payment without notice of any special matter, it was error to require the plaintiff to prove a direct contract between the commissioner and the contractor for the execution of the work, especially after the work had been adopted by the city.

Neither of these cases, as will be seen, touches the question raised here. In the first, the contractor was employed to do the paving by a majority of the lot-owners, and as the ordinance expressly authorized them to make the contract, he was held to be the agent of the city in doing the work. In the last, the commissioner of highways was authorized by the ordinance to employ the contractor to do the grading and paving, and the city recognised his agency by adopting his work. In the case before us the contractor could not become the agent of the city to do the work without the concurrence of a majority of the lot-holders in his appointment. If he was not selected by them he had, under the provisions of the ordinance, no authority to pave the street, and is not entitled to recover the cost of the work.

Judgment affirmed.