The City of Erie to use of Erie Paving Co., Appellant,
v. A Piece of Land Fronting on Eighteenth Street, in
the City of Erie, and Mary E. Moody, Owner, or
Reputed Owner.

[Marked to be reported.]

*Municipalities—Contracts—Certification by controller—Act of May 23,*
1889.

A paving contract between a city of the third class and a contractor,
which is not certified by the city controller in the manner prescribed by
the act of May 23, 1889, Art. 9, sec. 5, P. L. 303,·is invalid, and the con-
tractor is a mere volunteer without right to recover from the city or from
the property owners.

Section 5, Art. 9, of the act of May 23, 1889, provides as follows:
"Every contract involving an appropriation of money, shall designate
the item of appropriation on which it is founded, and the estimated amount
of the expenditure thereunder shall be charged against such item and so
certified by the controller on the contract before it shall take effect as a
contract, and the payments required by such contract shall be made from
the fund appropriated therefor." A city controller certified a paving con-
tract as follows: "I hereby certify that councils have appropriated by bill
No. 492, approved March 18, 1890, the sum of forty-one thousand five hun-
dred dollars for the construction of an asphalt pavement on Eighteenth
street extending from the west line of Peach street to the east line of
Liberty street, and that I have credited, in accordance with bill No. 495,
approved April 7, 1890, a fund for paving street intersections, etc., on
Eighteenth street, from the west line of Peach street to the east line of
Liberty street with the sum of four thousand and seven hundred and sixty
dollars ($4,760.)" *Held,* that the certificate was insufficient. It does not
certify that the controller has charged the amount of the expenditure of
this pavement against the appropriation which was made for its payment,
and the contract is therefore invalid.

Argued April 29, 1896.   Appeal, No. 288, Jan. T., 1896, by
plaintiff, from judgment of C. P. Erie Co., Sept. T., 1891,
No. 245, on verdict for defendant.   Before GREEN, WILLIAMS,
McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Scire facias sur municipal lien.   Before GUNNISON, P. J.
The facts appear by the opinion of the Supreme Court.
Plaintiff's points, and answers were among others, as follows:
2. That if the pavement in this case substantially complies
with the terms of the contract, and was so far perfected as to

answer its intended purpose, and was taken possession of by the city, the plaintiff is entitled to recover. *Answer :* That would be so, and that point would have to be affirmed, if there had been a valid contract entered into in this case. The verdict would have to be for the plaintiff subject to whatever credits or deductions the jury might think was proper on account of any defect in its construction; but the fact that there was no valid contract entered into, no contract offered in evidence authorizing the construction of the pavement, as I have explained to you, for that reason this point must be refused. Not because of the manner in which the pavement itself was constructed, but by reason of the fact that the contract was not so far executed as to make it take effect as a contract. [1]

3. That under all the evidence in the case the verdict should be for the plaintiff. *Answer :* That point is refused. [2]

Defendant's point and answer were as follows :

That the alleged contract under which this pavement was laid, not having been certified by the city controller as required by law, was void, and the plaintiff is not entitled to recover, and their verdict must be for defendant. *Answer :* Affirmed. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Theo. A. Lamb*, with him *Griffith & Crosby*, for appellant.— We do not contend that the certificate of the controller is in strict compliance with the provisions of the law; but we do contend that the defendant can take no advantage of the defect, if it exists. The contract was between the Erie Paving Company and the city of Erie. The company has paved the street, and the city with knowledge of all the facts has accepted this pavement, approved of the assessments made for the cost thereof, paid for the street intersections, and in every manner recognized the validity of this contract. We submit that a property owner cannot go behind their acts and set up a technical defense that the parties have waived : Brientnall v. Phila., 103 Pa. 156; Hutchinson v. Pittsburg, 72 Pa. 320 ; Philadelphia v. Brooke, 81 Pa. 23; Pepper v. Phila., 114 Pa. 96 ; Erie v. Butler, 120 Pa. 383; Pittsburg v. McConnel, 130 Pa. 463 ; Harrisburg v. Baptist, 156 Pa. 526 ; Erie v. Moody, 171 Pa. 610 ; Nolan v.

Reese, 32 Cal. 484; Danville Bridge Co. v. Pomroy & Colony, 15 Pa. 151.

*Joseph M. Force*, for appellee.—A city can create a valid municipal lien only when the improvement is made in pursuance of law, and the mode prescribed by statute or ordinance is strictly followed: Western Pa. R. R. v. Allegheny, 92 Pa. 100; Ferguson's App., 159 Pa. 39.

To entitle a municipal corporation to recover from the abutter the expense of constructing a local improvement in the street, it must comply with all the conditions precedent, whether prescribed by act of assembly, charter or ordinance: 2 Dillon on Municipal Corporations, sec. 811; Harper's App., 109 Pa. 9; Reilly v. Phila., 60 Pa. 467; Olds v. Erie, 79 Pa. 380; Fell v. Phila., 81 Pa. 58; Brientnall v. Phila., 103 Pa. 156; Erie v. Brady, 127 Pa. 169; 1 Dillon on Municipal Corporation, sec. 447.

OPINION BY MR. JUSTICE GREEN, July 15, 1896:

The portion of the statute upon which the defense in this case is founded (act of May 23, 1889, P. L. 303, art. 9, sec. 5) is in the following words, "Every contract involving an appropriation of money, shall designate the item of appropriation on which it is founded, and the estimated amount of the expenditure thereunder shall be charged against such item, and so certified by the controller on the contract before it shall take effect as a contract, and the payments required by such contract shall be made from the fund appropriated therefor."

The city controller certified the contract as follows: " I hereby certify that councils have appropriated by bill No. 492, approved March 18th, 1890, the sum of forty-one thousand five hundred dollars for the construction of an asphalt pavement on Eighteenth street extending from the west line of Peach street to the east line of Liberty street, and that I have credited, in accordance with bill No. 495, approved April 7th, 1890, a fund for paving street intersections, etc., on Eighteenth street, from the west line of Peach street to the east line of Liberty street with the sum of four thousand seven hundred and sixty dollars ($4,760)."

It is certainly the fact, and is conceded by the learned counsel for the plaintiff, that the certificate of the controller is not

in compliance with the provisions of the law as to what the certificate should contain. It does not certify that the controller has charged the amount of expenditure for this pavement against the appropriation which was made for its payment, and the statutory consequence of such omission is, that the contract between the city of Erie and the Erie Paving Company cannot " take effect as a contract." It results that the paving company has no contract upon which it can recover, and it is therefore to be regarded as a mere volunteer, having no lawful claim against this defendant.

In Reilly v. Philadelphia, 60 Pa. 467, we held that where councils by resolution authorized a department to contract for paving, with the condition that the contractor should be selected by a majority of the owners of the front to be paved, the cost of paving etc., to be collected from the owners on whose front the work should be done, the claimant could not recover unless he first proved that he had been selected by a majority of the owners, and that the contractor doing the work without such selection was a mere volunteer and could not recover from the city or from the owners. WILLIAMS, J., delivering the opinion said, " But under the provisions of the ordinance a contract with the department of highways would give him no authority to pave the street and to collect the cost thereof from the adjacent lot owners, unless he was selected by them to do the work. The department had no authority to enter into a contract with him unless he was selected by a majority of the lot owners. . . . Having submitted the selection of the paver to the lot holders, the city could not adopt the work of one not chosen by them and impose on them the obligation of paying for its cost. The choice of the paver belonged exclusively to the lot holders, and his selection by them was a condition precedent to the right to do the work, and make it a lien on the property fronting on the street."

So in the present case the contract of the city with the paving company must be certified in a certain manner by the controller, " before it shall take effect as a contract." ·

This requirement is a condition precedent to the legal efficacy of the contract, and without it there is no efficacious force in the attempted contract as to any one. As this requirement is entirely absent from the controller's certificate the conclusion

follows that there never was a lawful contract for the paving in question, and hence there can be no recovery. In the case last cited the paving was all done by the contractor under a contract with the highway department, but because the condition precedent was not performed, to wit, a selection of the paver by a majority of the lot owners, the contractor could recover nothing from the owner. We said, " If he (the paver) was not selected by the lot owners, and if he did not contract with the department of highways to do the paving, he was a mere volunteer, and is not entitled to recover from the city or the lot holders the cost of the paving."

The same principle was enforced in Olds v. Erie City, 79 Pa. 380, where we held that there could be no recovery of a paving bill against the owner because notice of the ordinance, under authority of which the paving was done, was not given as required by law. GORDON, J., said, in the opinion, " There is, however, this important proviso, to wit, ' that no ordinance for any of the above named purposes shall be passed until    days notice of the improvement prayed for has been given in the official paper of the city.' We thus observe that inquiry into the character of the petition is barred, but this second condition, to wit, publication, becomes material and necessary to the jurisdiction of the councils inasmuch as it is substituted for that which, but for the preceding part of the second section of the act, would be material and necessary. . . . The action of the councils under this act was quasi judicial in its character, and it is a fundamental rule that all such proceedings where they affect the rights of property or the citizen are nugatory if unaccompanied by reasonable notice. In the case in hand no such notice as that required by the statute was given. The imperative requisition is publication in the official paper of the city for    days." ' For these reasons the judgment in favor of the plaintiff was reversed without a venire. In Erie City v. Brady, 127 Pa. 169, the same doctrine was applied.

In Fell v. Philadelphia, 81 Pa. 58, the distinction between mere irregularities and formal details in the execution and performance of agreements between the city and its contractors, and other objections which affect the jurisdiction or power over the subject-matter, is carefully pointed out. In the one class recovery may be had, and in the other not. There were nu-

merous objections made by the lot owner in the last case to a
recovery by the contractor for the paving claim, some of which
raise questions of irregularities in the execution and perform-
ance of the contract between the city and the contractor, and
as to these we held that the owner could not make defense.
But there was also a defense grounded upon the omission of
the contractor to give notice by publication in two daily papers
of certain specific matters mentioned in the ordinance.  WOOD-
WARD, J., delivering the opinion, said, "It has been uniformly
held that it is not competent for a defendant to raise questions
relating to the formal details of agreements between the city
and its contractors, and to their execution and performance,
where the acts of the municipal officers have been ratified, and
the work done by the contractors has been accepted. . . .
Other deficiencies, however, are developed in this record which
have more significance.  The ordinance of 31st of December,
1862, is in these words:  'Hereafter before any contract for
paving any street or streets shall be entered into by the high-
way department, the person or persons applying for such con-
tracts shall give notice of such application, such notice to set
forth: 1. The name of the contractor' etc. (in all four distinct
matters).  " No evidence was given by either party on the trial
on the subject of notice, by these contractors. . . . The facts
prove affirmatively that the legal requisites of such a contract
between the city and the contractors as would create an obliga-
tion on the defendant to pay were not fulfilled.  There is no
room for the application of the maxim omnia præsumuntur rite
esse acta, for that principle heals only apparent irregularities or
omissions, where jurisdiction or power over the subject-matter
is clearly vested:' SHARSWOOD, J., in Pittsburg v. Walter, 69
Pa. 365.  The irregularities here upturn the very foundation of
the jurisdiction.  In view of the good faith in which the con-
tract was entered into, and with which the work has been done
by the contractors, it has been with reluctance that this conclu-
sion has been reached.  But this is not a question between the
city and the contractors, nor between the contractors and the
property owners who employed them.  It arises between the
city and the defendant.  The latter had assumed no duty ex-
pressly or by implication.  He can be made subject to a legal
obligation only where the power conferred on the municipal

authorities has been legally exercised. Like the City v. Lea, 5 Phila. R. 77, this is, 'a case depending wholly on the forms and requisitions of law, and in no degree on consent or contract, in which one of the forms, one of the conditions which the law itself has imposed, is wholly wanting.' It is within the principle of Phila. v. Reilly, 60 Pa. 467 ; of the City v. Stewart, 1 Weekly Notes, 242, and of Pittsburg v. Walter, supra. The city could have waived irregularities and defects of form. . . . but jurisdiction over the defendant and his property could be obtained only by pursuing rules prescribed by law, and the record proves that these rules could not possibly have been observed."

It will be noticed that the prohibitive words of the ordinance in the above case are of a quite similar character to those in the case at bar. They are " hereafter, before any contracts for paving any street or streets, *shall be entered into by the Highway Department*, the person or persons applying for such contracts shall give notice " etc. Here the words are, " and the estimated amount of the expenditure thereunder shall be charged against such item and so certified by the controller on the contract *before it shall take effect as a contract.*" In either case there shall be no contract unless the thing directed to be done shall actually be done.

The foregoing principles and authorities cited dispose of the present contentions, and they constitute a bar to any recovery by the plaintiff in this case.

Judgment affirmed.