## The City of Harrisburg *v.* S. J. Shepler, Appellant.

*Municipal law—Divisible contract—Controller's certificate—Performance and acceptance.*

Where the consideration of a municipal contract is divisible, the cost of one part of the work being chargeable to one item of appropriation and the cost of the other part being chargeable to another item, and the work has been performed in accordance with the terms of the contract, and has been accepted by the city, the controller's failure to charge the estimated expenditure for the former part of the work to the proper appropriation and to certify the fact upon the contract, does not prevent its taking effect in other particulars when, as to the other part of the expenditure thereunder, the controller did his duty.

*Municipal contract—Controller's certificate after work done—Affirmance of contract—Equities of property owner.*

Where a sufficient appropriation has been made to meet the expenditure of a proposed contract, and no act necessary to give the contract full effect remained unperformed except the bare indorsement of the controller's certificate, while performance of this statutory duty cannot be waived by the city officers, yet, if the certificate be placed on the contract after the completion of the work, where the controller had full authority to certify it before the work began, and the city ratifies it, the city is bound as between the city and the contractor, and the rights of the property owner rise no higher than the rights of the city.

A municipal contract for paving, providing for payment partly in cash for city property and by assessments against property of abutting owners, is one "involving the appropriation of money" under the Act of May 23, 1889, P. L. 277, and the validity of the contract is dependent upon the performance of required functions imposed on the controller in the matter certifying the item of appropriation on which it is founded. A certificate failing to indicate the cash appropriation and indicating only the total assessments is defective.

*Public officers—Engineer's duties in assessing cost—Confirmation by city when not required.*

Where, in a municipal contract for paving, the ordinance directs the city engineer to assess the cost of paving, without directing him to report his schedule to the councils for approval, such duty so delegated to the engineer being purely a ministerial one, a simple mathematical calculation, with which the principal finds no fault, and in which none is alleged, the contract will not be declared invalid on the technical objection that the city has not affirmatively approved the engineer's figures in his divisions and additions.

Argued March 9, 1899. Appeal, No. 8, May T., 1899, by defendant, from judgment of Superior Court, March T., 1898,

No. 47, from judgment of C. P. Dauphin Co., Jan. T., 1898, No. 67, in favor of defendants, on case stated. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Appeal from the Superior Court.

The case was reported in 7 Pa. Superior Ct. 491, where the facts fully appear.

*Error assigned* was the judgment of the Superior Court.

*William H. Middleton*, for appellant.

*C. H. Bergner*, with him *D. S. Seitz*, city solicitor, for appellee.

PER CURIAM, March 20, 1899:

The only assignment of error in this case is: "The judgment of the Superior Court is erroneous."

Our consideration of the record has led us to a different conclusion. We are all of the opinion that the questions presented to and passed upon by the Superior Court were rightly decided. The correctness of its judgment is amply vindicated in the opinion of its learned president.

On that opinion the judgment is affirmed.