## JUTTE & FOLEY CO. v. CITY OF ALTOONA.

(Circuit Court of Appeals, Third Circuit. May 9, 1899.)

### No. 19, March Term.

MUNICIPAL CORPORATIONS — LIMITATION OF LIABILITY ON CONTRACTS — PENNSYLVANIA STATUTES.

The Pennsylvania act of May 23, 1889 (P. L. 277), provides that no municipal department of a city of the third class shall create any debt or make any contract, except in pursuance of previous authority of law or ordinance; that every contract which involves an appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of appropriation thereunder shall be charged against such item, and so certified by the controller on the contract, before it shall take effect; and that, if the controller shall certify any contract in excess of the appropriation made therefor, the city shall not

be liable for such excess, but the controller may be held liable therefor on his bond. The act also authorizes the creation of a water and lighting department, the board of commissioners of which shall make all contracts relating to the department, but only as authorized thereto by the previous consent and direction of the councils. The councils of the city of Altoona, which is a city of the third class, passed an ordinance providing for the construction of certain improvements to the city's water plant, and directed the board of water commissioners to contract therefor. It appropriated for the purpose an unexpended balance of a fund previously created amounting to $35,000, and expressly limited the cost of the improvements to that sum. The board entered into a contract with plaintiffs for the construction of the improvements for a sum slightly under $35,000, but providing for an increase or diminution in the estimated quantities of work or materials. The controller certified the contract, in general terms, as "subject to the appropriation made" by the ordinance, but stated no amount in his certificate. *Held*, that the plaintiffs could not recover against the city on such contract any sum in excess of the $35,-000 appropriated by the ordinance, being chargeable with notice of the limitations placed upon the powers of the board by the statute and the ordinance.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Henry A. Davis, for plaintiff in error.

W. M. Hall, Jr., and Geo. B. Bowers, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

ACHESON, Circuit Judge. In Pennsylvania, cities of the third class, of which the city of Altoona is one, are governed by the act of May 23, 1889 (P. L. 277). Article 4, § 7, of this act provides:

"And no municipal department shall create any debt or make any contract, except in pursuance of previous authority of law or ordinance."

Article 9, § 5, of this act, provides as follows:

"Sec. 5. Every contract involving an appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of the expenditure thereunder shall be charged against such item and so certified by the controller on the contract before it shall take effect as a contract, and the payments required by such contract shall be made from the fund appropriated therefor. If the controller shall certify any contract in excess of the appropriation made therefor, the city shall not be liable for such excess, but the controller and his sureties shall be liable for the same; which may be recovered in an action at law by the contracting party aggrieved. It shall be the duty of the controller to certify contracts for the payment of which sufficient appropriations have been made."

By article 12 of the same act the city is authorized to create a water and lighting department. The duties of the board of commissioners of such department are defined by sections 5 and 6 of that article as follows:

"Sec. 5. It shall be the duty of the board to take charge of the water and lighting department so created as aforesaid, and by their sole authority to employ and dismiss at pleasure a superintendent and a clerk, who shall be secretary of the board, whose compensation shall be fixed by councils, and to employ such laborers, mechanics and workmen as they may deem necessary for the economical and efficient administration of said department. They shall purchase such materials and supplies as may be required for keeping the works in good repair, and have charge and control of all constructions,

repairs, enlargements and extensions of the works, and shall conduct and manage the affairs and business of the department in accordance with law and the directions of the city councils.

"Sec. 6. The said board of commissioners so created shall, whenever called upon by councils, make and submit to them full estimates of the cost, charges and expenses of any new work, enlargement, extension of water or lighting supply, or alteration which councils may contemplate making relative to said works; and said board may at any time submit to councils any suggestions and estimates they may see proper to make touching the improvement, extension or enlargement of said works, but no new construction, reconstruction, extension, supply of water or light, or enlargement of said works shall be undertaken by said commissioners so created, or materials or supplies be purchased therefor, without the previous consent and direction of councils."

On July 6, 1894, the councils of the city of Altoona, in conformity with the previous consent of the electors of the city duly expressed, passed an ordinance (No. 545) increasing the indebtedness of the city $220,000, authorizing the issue of bonds of the city therefor, and appropriating the entire amount to the purpose of "securing and furnishing an additional ample supply of pure water to the citizens and institutions of the city of Altoona," and specifically appropriating and applying $185,000 thereof to the construction of a large impounding dam or reservoir.  Subsequently the contract for this reservoir was let, and the reservoir was constructed at an expenditure of $185,-000, leaving $35,000 of the entire above-mentioned appropriation unused.  On March 29, 1895, an ordinance (No. 593) was passed by the councils of the city of Altoona and approved by the mayor, providing for the construction of a flood channel and settling basin in connection with said reservoir.  The first section ordained that the flood channel should be constructed, and the second section directed the board of water commissioners to have plans and specifications therefor prepared by their engineer.  The third section ordained that a settling basin should be constructed, and the fourth section directed the board of water commissioners to have plans and specifications therefor made by their engineer.  The fifth section of this ordinance is as follows:

"Sec. 5. Whatever funds are necessary to pay for the construction of said flood channel and settling basin, are hereby appropriated from the unappropriated part of the funds to be raised from the loan of two hundred and twenty thousand ($220,000) dollars, authorized by Ordinance No. 545, approved the sixth day of July, A. D. 1894, providing the construction of such flood channel and settling basin shall not exceed the sum of $35,000."

And the sixth section directed the board of water commissioners to advertise for bids for the construction of said flood channel and settling basin "in accordance with said plans and specifications and this ordinance," and to award the contract to the lowest responsible bidder; and further directed that the contract, on the part of the city, "shall be executed by the mayor and board of water commissioners, and shall be certified by the city controller according to law."

The water commissioners, professing to act "in compliance with an ordinance of councils under date of March 29, 1895," advertised for proposals for the construction of the flood channel and settling basin. The Jutte & Foley Company, the plaintiff below and in error, proposed to furnish the materials and do the work for the sum of thirty-

four thousand five hundred and eighty dollars ($34,580), with a provision, however, for increase or diminution in the estimated quantities of work and materials. The board of water commissioners awarded the contract to the plaintiff on its bid, and a contract in writing was executed without any report to councils or further action on the part of councils. The contract bears date May 22, 1895, and purports to be "between the city of Altoona, Pa., by its board of water commissioners, of the first part, and Jutte & Fc'ey Company," of the second part, and it is signed by the mayor of the city and the members of the board of water commissioners, but without any official designation accompanying their signatures. The city controller indorsed upon the contract the following certificate:

"The within contract is hereby certified, subject to the appropriation made therefor in Ordinance No. 593, approved the 29th day of March, 1895.
"Altoona, Pa., June 10, 1895.                    George Harpham,
                                                 "City Controller."

Before the bringing of this suit, the city had paid the plaintiff on this contract a sum of money considerably in excess of $35,000, yet the plaintiff claimed to recover in this action upon the contract the further sum of about $40,000. Under the rulings and pursuant to the peremptory instruction of the circuit court, the jury rendered a verdict for the city of Altoona, the defendant, and judgment thereon was entered in its favor. We are now to determine whether there was error in these rulings and instruction.

From the above-quoted provisions of the act of May 23, 1889, it is plain that in the matter of the contract here in question the board of water commissioners had no lawful authority to bind the city of Altoona other than was conferred by the ordinance of March 29, 1895. We entirely agree with the court below that the authority given to the board of water commissioners by that ordinance was restricted to an expenditure not exceeding $35,000. A public fund of $220,000 had been raised and set apart to procure for the city a supply of water, and $185,000 of that fund had been appropriated and applied to the construction of an impounding dam or reservoir. There was thus left of this water fund an unexpended balance of $35,000. In this condition of affairs the ordinance of March 29, 1895, was passed, authorizing the construction of a flood channel and a settling basin. For this purpose the fifth section of the ordinance appropriated the "unappropriated part" of the water fund of, $220,000. And then, to make it the clearer that no expenditure in excess of that unappropriated balance was contemplated or sanctioned, there was added the proviso, "providing the construction of said flood channel and settling basin shall not exceed the sum of $35,000." Manifestly this was a limitation upon the cost of the work. This limitation bound the board of water commissioners and the contractor dealing with the board. The ordinance did not empower the board of water commissioners to enter into a contract involving the city in a liability in excess of $35,000. If authority is needed to sustain the conclusion that the city is not liable to the contractor beyond the limited cost specified in the ordinance, it is to be found in the decisions of the supreme court of Pennsylvania in the cases of Lehigh

Co. v. Kleckner, 5 Watts & S. 181, and Hague v. City of Philadelphia, 48 Pa. St. 527.

Again, the certificate of the city controller prescribed by section 5 of article 9 of the act of May 23, 1889, was requisite to the validity of the contract in suit. City of Erie v. A Piece of Land on Eighteenth Street, 176 Pa. St. 478, 484, 35 Atl. 136. This section provides:

"Every contract involving an appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of the expenditure thereunder shall be charged against such item and so certified by the controller on the contract before it shall take effect as a contract, and the payments required by such contract shall be made from the fund appropriated therefor."

This certificate by the controller is a condition precedent to the taking effect of the contract. This was so adjudged in City of Erie v. A Piece of Land on Eighteenth Street, supra. In the present case the certificate by the controller does not conform to the requirements of the act. Certainly, if it can be sustained at all, it is only good to the extent of the appropriation made by the ordinance. The language of the certificate is:

"The within contract is hereby certified, subject to the appropriation made therefor in Ordinance No. 593, approved the 29th day of March, 1895."

Now, the appropriation made was the unappropriated part of the water fund, namely, the sum of $35,000. It is to be noted that section 5 of article 9 provides:

"If the controller shall certify any contract in excess of the appropriation made therefor the city shall not be liable for such excess, but the controller and his sureties shall be liable for the same."

Possibly the certificate of the controller may be regarded as good to the extent of the unexpended balance of $35,000 of the water fund. We are clear, however, that beyond that sum there was no proper certification, and therefore no valid contract with the city.

From the views we have expressed above, it follows that the obstacles to the plaintiff's recovery were insuperable, and therefore that there was no error in the rulings of the court upon the plaintiff's offers of evidence. The court was right in instructing the jury to return a verdict for the defendant. The judgment of the circuit court is affirmed.