## Harrisburg *v.* Mish.

*Municipal contract—Controller's certificate—Statutes—Act of May 25,* 1889.

A municipal contract provided for payment to the contractor of a certain sum for grading a street, such payment to be made in cash from time to time in such sums as shall be estimated for by the commissioner of highways, upon his warrant duly countersigned by the city controller out of assessments paid into the city treasury and from no other fund. *Held,* That section 5 of article 9, Act of May 23, 1889, P. L. 277, applies to such a contract, and that on the trial of a sci. fa. sur municipal lien against a property owner, there could be no recovery on the assessment in the absence of the controller's certificate.

*Practice, C. P.—Record—Controller's indorsement after verdict.*

The indorsement by the controller after verdict cannot affect the decision of the question of the validity of a municipal contract. The liability of the defendant must be adjudicated upon the facts developed on trial. The record was made up when the evidence closed.

Argued Jan. 15, 1900. Appeal, No. 15, March T., 1900, by defendant, in suit of city of Harrisburg against G. F. Mish, from judgment of C. P. Dauphin Co., March T., 1896, No. 505, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by RICE, P. J.

Sci. fa. sur municipal lien. Before SIMONTON, P. J.

The facts sufficiently appear in the opinion of the court.

The defendant submitted among others the following point :

[3. The alleged contract between the city of Harrisburg and its contractor under which the improvement of the roadway called Cameron street was made, the cost of which was, in part,

assessed upon the property of the defendant, involved an appropriation of money, and, on its face, designated the items of appropriation on which it was founded. The supposed contract was not certified by the city controller of the city of Harrisburg, as required by section 5, article 9, of the act of assembly, approved May 23, 1889, P. L. 277, and therefore never took effect as a contract, and no lien, assessment or other charge can be made upon or against defendant's property by reason of anything done under said supposed contract, and there can be no recovery against defendant in this case.

The Court: The third point is reserved.

Defendant also asked the court to instruct the jury that the contract under which the work was done was not certified as required by the act of 1889, and never took effect as a contract, and no assessment or lien can be based thereon. This point was also reserved.

The contract referred to in the additional point reserved has been certified by the city controller since the case was tried, and we think that the principles adopted in Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, apply here, and that, as is said by RICE, C. J., delivering the opinion of the court, at page 510, "the act of the controller in certifying the contract after the completion of the work, where he had authority to certify it before the work began, was, under the circumstances of this case, effective to give it validity as against the defendant.] [9]

The jury found a verdict for the full amount of plaintiff's claim, $1,142.16. Defendant moved for judgment non obstante veredicto on the point reserved in the ninth assignment of error. Judgment was entered on the verdict. Defendant appealed.

*Errors assigned* among others were (9) in answer to plaintiff's third point, reciting point and answer. (17) In not entering judgment for defendant. (18) In entering judgment for plaintiff.

*W. M. Hargest*, with him *Wolfe & Bailey*, for appellant.— The defendant contended that this contract involved an appropriation of money. It was not certified by the city controller as required by article 9, section 5 of the Act of 1889, P. L. 277. Therefore, this contract never took effect and no assessments or lien could be based thereon.

This question was reserved at the trial which took place January 16, 1899, and it was argued squarely on the question raised in defendant's third point, and the question was raised on the threshold of the trial.

The final argument did not take place until June 1, 1899, nearly five months after the trial, and the question presented to the court was the plain, simple, unambiguous proposition whether this was a contract which involved an appropriation of money and required a certificate. The defendant maintained that it did under the ruling of Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, and the plaintiff argued on the same authority that it did not.

And upon that argument, with the question clean-cut, the contract without any certificate was given to the learned trial judge, who took it into his custody.

Further discussion of this proposition is unnecessary because almost the same identical contract in the case of Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, was held under the authority Erie v. Moody, 176 Pa. 478, to require a certificate.

*D. S. Seitz*, city solicitor, and *C. H. Bergner*, for appellee.— The question of placing the controller's certificate upon the contract in this case was submitted to your honorable court and there decided in behalf of the city's rights in Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, and the judgment of the Superior Court was fully affirmed by the Supreme Court: Harrisburg v. Shepler, 190 Pa. 374. The complaint of the appellant is thus narrowed down to the time upon which the certificate was indorsed upon the contract. Certainly the defendant was deprived of no substantial right. The placing of such certificate upon the contract at the time it was put there was purely ministerial, just exactly as the placing of the certificate upon the contract at the time it was negotiated would have been purely ministerial.

In a proceeding where a matter that is purely formal or purely ministerial appears to be lacking, it may be supplied by the proper authority nunc pro tunc. In cases where it is necessary to do this in order that justice may be done, it is the duty of courts to direct such matters to be performed nunc pro tunc: Murray v. Cooper, 6 S. & R. 126.

This case is much like that commented upon by the Supreme Court in Chester v. Bullock, 187 Pa. 544. There, as here, a similar triviality to that of nonratification of contract was interposed, with full knowledge that it had added nothing to the cost of the improvement and in the hope of escaping liability which the statutes and municipal ordinances imposed.

OPINION BY RICE, P. J., July 26, 1900:

By an ordinance of councils approved December 2, 1893, it was ordered that Cameron street between certain points be graded; that a contract to do the work and furnish the materials be awarded to the lowest responsible bidder; that the cost of the work be assessed upon the abutting properties in proportion to the number of feet each property fronts on said street; and that at the expiration of thirty days after the completion, approval and acceptance of the work, the proper officers "make and issue to the contractor improvement bonds in the usual and proper form, with coupons attached, for the amount of the assessments outstanding, which bonds shall rest alone upon and be payable out of said assessments, and from no other fund."

In the contract subsequently awarded, the city agreed to pay the contractor "the sum of $6,972.50, the assessments levied upon the properties," as follows: "So much of the said assessments as may have been paid into the city treasury, in cash, and for the balance of the said $6,972.50 due him will assign and transfer or mark to his use, so much of said unpaid assessments as is equivalent to the amount due him, and the city of Harrisburg shall not be further liable to said contractor, James Nalen whether said assessments are collectible or not. Or if the ordinance authorizing said work so specifies and directs, and the contractor shall prefer, he shall be paid from time to time in cash such sums as shall be estimated for by the commissioner of highways upon his warrant duly countersigned by the city controller, out of the assessments paid into the city treasury, and from no other fund." Then follows a provision for the issuing of bonds in the exact words of the ordinance, which we have quoted, and then this clause: "They shall be issued in denominations of $100, be numbered seriatim, bear interest at the rate of five per centum per annum payable semi-annually out of assessments, . . . . and shall be called in and

redeemed by the city treasurer from time to time, and as often as $300 in excess of the amount necessary for interest money accumulates in the city treasury from said assessments."

A scire facias was issued upon the municipal claim filed against the defendant's property, and upon the trial of the issue the contract, the assessment and the claim were offered in evidence and objected to upon the ground that the contract lacked the controller's certificate. At the conclusion of the evidence the objection was renewed in the following point: "The alleged contract between the city of Harrisburg and its contractor under which the improvement of the roadway called Cameron street was made, the cost of which was, in part, assessed upon the property of the defendant, involved an appropriation of money and, on its face, designated the items of appropriation on which it was founded. The supposed contract was not certified by the city controller of the city of Harrisburg, as required by section 5, article 9 of the act of assembly, approved May 23, A. D. 1889, P. L. 277, and therefore never took effect as a contract and no lien, assessment or other charge can be made upon or against defendant's property by reason of anything done under said supposed contract, and there can be no recovery against defendant in this case." The court was also requested to charge that upon all the evidence there could be no recovery against the defendant. A verdict was rendered for the plaintiff subject to the decision of the court upon the reserved questions raised by these two points, and subsequently the defendant's motion for judgment non obstante veredicto was overruled and judgment entered for the plaintiff.

Section 5 of article 9 of the Act of May 23, 1889, P. L. 277, 303 provides as follows: " Every contract involving an appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of the expenditure thereunder shall be charged against such item and so certified by the controller on the contract before it shall take effect as a contract, and the payments required by such contract shall be made from the fund appropriated therefor. . . . It shall be the duty of the controller to certify contracts for the payment of which sufficient appropriations have been made." It will be well to notice in this connection that section 7 of article 4 of the same act provides that, " no money shall be paid

out of the city treasury except upon appropriation made according to law and under warrant drawn by the proper officers in pursuance thereof;" also that section 2 of article 8 provides that, "no money shall be paid out of the city treasury unless the same shall have been previously appropriated by councils to the purpose for which it is to be drawn, which shall be explicitly mentioned in the warrant therefor."

The question whether or not such a contract as this "involves" or is "founded" on an "appropriation of money" within the meaning of section 5 of article 9 of the act of 1889 arose, and was fully argued by counsel in Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, and we decided the case upon the assumption, but not without consideration of the question, that the section applies to such a contract. The judgment was affirmed by the Supreme Court on appeal, reported in 190 Pa. 374. Not to claim for that case greater authority as a binding and conclusive adjudication of the question than it is entitled to, it is proper to say—and this is shown by the reports of the case— that the judgment must necessarily have been the same, even if it had been held that the section does not apply to a contract to which the liability of a city is restricted to the amount of the assessments actually collected and paid into the city treasury. We have, therefore, considered it, as if it were still an open question, but without reaching a different conclusion from that plainly intimated in the former case. What we have to say upon the subject is but a repetition, with slight changes, of what was said in that case. Construing the ordinance and the contract together, it is seen that three things were contemplated: first, an engagement by the city to pay the cost of the improvement out of a fund to be raised by the city by assessments on abutting properties according to the "front-foot" rule; second, an appropriation to the payment of the cost of the improvement of the fund of money that would thus be raised by local and special taxation; third, an exemption from liability beyond the amount actually collected by the city from this source. The scheme did not contemplate a discharge of the city from liability by merely assigning to the contractor the claims against abutters, unless the contractor so elected, which he appears not to have done. In other words, the contractor was not bound to take the claims in full payment of the contract

price of the work and collect them at his own risk and expense. The city became his debtor and subject to liability coextensive with the amount that it should actually collect from the assessments. It would be doing violence to the language in which the will of the legislature has been expressed to say, that this fund as it accumulates in the city treasury is not city money; that a prior appropriation of it to pay the cost of the improvement contracted for is not an appropriation of money within the meaning of the act; that no estimate of the probable cost of the improvement need be made or charged against such an appropriation; and, therefore, that the controller has no duty to perform with regard to such a contract. It may be that some of the reasons for requiring strict compliance with the provisions of section 5, article 9, where the cost of the improvement is to be paid out of the city funds derived from general taxation, do not apply with the same force where it is to be paid out of a fund to be raised by taxation of property specially benefited, but we are not prepared to say that none of the reasons apply. If it were necessary, we think it could be shown that the certificate of the controller is not a mere useless formality in cases of the latter class. At all events, the legislature has declared in clear and unambiguous terms that certain facts shall be certified by the controller on "every contract involving an appropriation of money," and after a careful and deliberate reconsideration of the question our conclusion is, that this contract "involved," and was "founded" on an "appropriation of money."

It follows, that, without the certificate of the controller, there could be no recovery against the property owners. This was clearly and unequivocally decided in Erie City v. Moody, 176 Pa. 478, and there was nothing said or decided in Harrisburg v. Shepler in conflict with that ruling. In the former case the controller's certificate was indorsed on the contract but was incomplete. It was argued that as the company had paved the street, and the city with knowledge of all the facts had accepted the pavement, approved of the assessments made for the cost thereof, paid for the street intersections and in every manner recognized the validity of the contract, the property owner could not go behind their acts and set up a technical defense that the parties to the contract had waived. The court refused to adopt this view, and held that there could be no recovery.

In the Shepler case the controller's certificate was on the contract but was not indorsed until after the work was completed. The point decided is correctly stated in the syllabus as follows : Where a sufficient appropriation has been made to meet the expenditure of a proposed contract, and no act necessary to give the contract full effect remained unperformed except the bare indorsement of the controller's certificate, while performance of this statutory duty cannot be waived by the city officers, yet if the certificate be placed on the contract after the completion of the work when he had full authority to certify it before the work began and the city ratifies it, the city is bound as between the city and the contractor, and the rights of the property owner rise no higher than the city's. Granting that in the present instance the certificate might have been put on the contract after the work was completed and accepted, and even after suit brought, it does not follow that, as against the property owner, it could be put on the contract after verdict with the same effect as before. The liability of the defendant was to be adjudicated upon the facts developed on the trial. The reserved question of law was to be decided in precisely the same way as if it had been decided when the points were presented. Nothing that the plaintiff could do after verdict could in any manner affect the decision of the question. So far as the plaintiff's right of recovery in the present action was concerned the record was made up when the evidence was closed. If it was not complete at that time it could not be perfected afterwards. At that time the controller's certificate had not been put on the contract, and if as the matter of law (1) section 5 of article 9 applies to such a contract, and (2) there cannot be a recovery of the assessment unless the contract on which it is based be certified, the defendant was entitled to an affirmance of his two points, or (the questions of law raised by them having been reserved) to judgment in his favor non obstante veredicto. The ninth, seventeenth and eighteenth assignments of error are sustained. This conclusion renders it unnecessary to discuss the remaining assignments.

The judgment is reversed, and judgment is now entered for the defendant upon the reserved points non obstante veredicto.