# Lamb et al. *v.* City of Erie et al., Appellants.

*Municipalities—Cities of the third class—Act of June 27, 1913, Art. VII, Paragraph 13, P. L. 568—Certificate of superintendent of finance—Necessity.*

A construction contract entered into by a city of the third class is not valid unless it has the certificate of the superintendent of finance as required by Article VII, paragraph 13, of the Act of June 27, 1913, P. L. 568; and a city of the third class which has entered into a contract lacking such certificate is properly enjoined from making payments thereunder.

Argued September 30, 1918. Appeal, No. 75, Jan. T., 1919, by defendants, from decree of C. P. Erie Co., Feb. T., 1918, No. 4; awarding an injunction in case of T. A. Lamb, D. A. Sawdey, A. W. Hayes, E. P. Selden, George D. Selden, and C. E. Bacon, taxpayers of the City of Erie, for themselves and all other taxpayers of the City of Erie who desire to join with them in these proceedings, v. The City of Erie, Miles B. Kitts, Mayor; C. L. Baker, Superintendent of Accounts and Finance; W. D. Kinney, J. Emil Gross and Henry Kessler, Councilmen of the City of Erie; Theodore Eichhorn, Francis T. Nagorski and Thomas Mehaffey, Councilmen-elect of the City of Erie, and George E. Cantrell, Inc. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed

Bill in equity for an injunction. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts:

The court on final hearing enjoined defendants from making payments under the contract referred to in the opinion of the Supreme Court. Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law and the decree of the court.

*S. L. Gilson,* with him *M. C. Cornell,* for appellants.

*Charles H. English,* with him *Chas. A. Mertens* and *John B. Brooks,* for appellees.

.PER CURIAM, October 23, 1918:

Before the contract between the City of Erie and Metz and Roth for the construction of the Mill Creek conduit could take effect as a contract, it was necessary to have on it the certificate of the superintendent of finance, as required by Article VII, paragraph 13, of the Act of June 27, 1913, P. L. 568, and, as it bore no such certificate, it did not "take effect": City of Erie v. Moody, 176 Pa. 478. As nothing could be lawfully done under it, its invalidity continued when the city entered into the agreement with George E. Cantrell, Inc., to complete it. The enjoining decree of the court below could not have been withheld, and it is now affirmed at the costs of the appellants.